**STATE ex WALLER, Relator v INDUSTRIAL COMMISSION, Respondent.**

Ohio Appeals, 2nd District, Franklin County.

No. 3536.   Decided March 29, 1943.

516

B. F. Hughes, Columbus, for relator.
Thomas J. Herbert, attorney general, Columbus, for respondent.

## OPINION

By GEIGER, J.

This matter is before this court on an original action in mandamus. The petition recites the fact that on May 10, 1938, relator was in the employ of a meat dealer under a contract for hire as a laborer, and while so engaged he met with an accident and suffered an injury which grew out of and took place during the course of his employment; that as a result of the accident he sustained a bilateral hernia. He alleges that said injury caused him great pain from which he still suffers and is unable to engage in any gainful employment with the same degree of ease and comfort. Relator recites the fact that he duly filed an application for compensation with the Industrial Commission, and that the Commission denied his application on September 20, 1940, for the reason, as stated, that proof of record fails to establish that the double hernia alleged by claimant is the result of the injury alleged to have occurred on May 10, 1938.

Relator made application for rehearing, the same was granted, and upon the claim being further disallowed he brought an action in the Court of Common Pleas of Franklin county, in which court on the 27th day of November, 1941, a finding was made by the court, a jury having been waived, in favor of the plaintiff, and that the plaintiff is entitled to participate in the Workmen's Compensation Fund. Upon this finding of fact a proper entry was made and certified to the Industrial Commission.

The petition sets out the affidavit of the relator in which he details the effect of his injury upon his ability to perform physical labor. There are other affidavits, among them, one by the physician for the Commission, detailing the claimant's condition, and stating, "Because of the hernia on the left side, it is my opinion that Mr. Waller is permanently disabled." The respondent thereupon made a finding which recites, "By virtue of the judgment obtained by the claimant in the Common Pleas Court and the finding of the Commission that the claimant sustained an inguinal hernia on both sides during the course of employment, but that to date he has lost no time from his work, nor suffered any partial disability because of said injury, in view of which he is not entitled to any compensation at this time." The commission, however, ordered that an operation be authorized for the correction of the hernia and that following said operation compensation and expenses be paid in accordance with the medical proof submitted.

A motion was made by the relator that his claim be further considered for the reason that the finding of the commission was contrary to the evidence and to law, due to the fact that claimant's

claim comes within the provisions of Section 1465-80. Further, that authorizing hernia treatment only and the allowance of nothing for partial disability is contrary to law. It is asserted that the finding of the commission made September 19, 1942, is contrary to law and constitutes an abuse of discretion for which relator has no adequate remedy at law.

The prayer is that a writ of mandamus may issue commanding respondent to fix the extent of the relator's disability from May 10, 1938, the date of said injury, determining during the period the wage impairment of the relator and award to him compensation commensurate with said disability and wage impairment in accordance with the statutes. To this petition an answer is filed by the commission, admitting many of the allegations, and further, that the Court of Common Pleas on June 18, 1942, made the order set out in the relator's petition, and that thereafter the relator filed his application for reconsideration of his claim as alleged in his petition.

Respondent makes general denial of all other allegations.

For a second defense respondent says that the petition of the relator does not state facts sufficient to constitute a cause of action, and the prayer of the respondent is that the petition for mandamus be dismissed.

It is stipulated that the file of the Industrial Commission shall constitute all the testimony and evidence introduced in said cause in this court.

Briefs are filed by both relator and respondent, which we have read with interest.

It appears from the respondent's brief that the commission has adopted certain rules on hernia which provide only for payment of temporary total compensation for two weeks prior to the date of the operation, if the hernia can be retained by suitable truss. The commission's rule in relation to hernia provides that medical expenses shall be paid for the radical cure of the hernia and compensation for disability resulting from the operation. The commission's rules provide:

"If the operation is refused by the claimant, compensation shall be paid for not to exceed two weeks from the date claimant stopped work."

"If operation is contraindicated on account of advanced age, heart disease or some other condition, compensation shall be paid according to the medical proof and as in other claims."

"Compensation shall not be paid for more than two weeks prior to operation unless it is conclusively shown by medical proof that the hernia could not be retained by a truss."

Counsel states that on the 14th of July, 1942, relator informed the commission that he did not desire to take operative treatment

and that he was still suffering mentally and physically from his bilaterial hernia. It is stated in the brief that the relator lost no time from his employment and continued working at his usual duties with his employer until sometime in 1939 after which he became employed as a butcher at a certain grocery where he is still employed. It is pointed out by respondents that a determination by the commission as to the extent of the disability or amount of award is within the jurisdiction of the commission and that its finding is final and conclusive in the absence of a showing of abuse of discretion.

Section 1465-90 provides the procedure incident to the presentation of a claim for compensation, and provides that the commission shall have full power and authority to hear and determine all questions, and that its decisions thereon shall be final except as provided in the section. The section provides the method in which the claimant may present a claim that may have been denied by the commission to the consideration of the Common Pleas Court. The statute provides:

"If the finding of the court or the verdict of the jury is in favor of the claimant's right to participate or to continue to participate in such fund, the court shall certify such finding or verdict to the Industrial Commission and the commission shall thereupon order compensation to be paid in the manner provided by this act for the payment of other awards, and such certificate of the court shall be entered in the records of the judgment of such report."

Section 1465-79, 80 and 81 provides for compensation to be awarded by the commission. Section 1465-79 is in case of temporary disability, where it is provided that the employee shall receive a certain per cent of his average weekly wages so long as such disability is total.

Section 1465-80 provides for compensation in case of partial disability, and the provision of the statute is, in case of injury resulting in partial disability, the employee shall receive sixty-six and two-thirds per cent of the **impairment of his earning capacity during the continuance thereof,** not to exceed certain amounts. In case of permanent total disability the award shall be sixty-six and two-thirds per cent of his wages until his death.

The question before us may be considered within narrow limits and presents for our determination what obligation is imposed upon the commission by virtue of the provision of §1465-90. Under the provision of that section if the verdict is in favor of the claimant's right to participate, that upon such finding of the Common Pleas Court being certified the commission shall order compensation to be paid in the manner provided by this act for the payment of other awards. We have already cited the statute which provides for the payments of the award.

The application here is based upon the provision of §1465-80, providing that in the case of injury resulting in partial disability, the employee shall receive a per cent of the impairment of his earning capacity during the continuance thereof. The position is taken by the commission that inasmuch as the claimant has been continuously employed since the date of his alleged accident at the same position as before that date, that there has been no diminution in his wages and he is entitled to no compensation.

This matter is considered in the case of **Commission v Royer,. 122 Oh St, 271,** where the claim was made by an injured employee to recover two-thirds of the impairment of her earning capacity. Marshall, C. J., delivering the opinion of the court, states on page 273:

"The fact, if it was a fact, that she was earning more than the wage received at the time of the injury, is not controlling, or even important. It is not a question of actual earnings, but of impairment of earning capacity. The fact of increased or decreased earnings has no essential relation to earning capacity."

And on page 275:

"The award of compensation is not a matter of discretion, and neither the commission nor the courts and juries may disregard the measure of compensation which the statute provides, nor may they be moved by either sympathy or prejudice."

In **State ex Butram v Commission, 124 Oh St, 589,** it is pointed out by Marshall, C. J., on page 593, that the Code limits the judgment of the court to the simple finding that the claimant is entitled to participate in the insurance fund, "leaving to the commission the function of determining the extent of the disability and the amount of compensation."

"In ordinary cases, where these elements are found in claimant's favor, the statutes are peremptory in requiring the commission to award compensation. Its finding upon the extent of the disability and the amount of compensation is final, whether large or small."

"There is no mandatory duty to award compensation for disfigurement. A discretion is lodged with the commission, which of course must be a sound discretion to be soundly exercised. The commission can only be brought to judicial account for an abuse of that discretion."

See also **State ex Rubin v Commission, 134 Oh St, 12.** It is asserted that the commission had authority to provide for the special treatment of hernia cases. It must be conceded that this physical

disability which so frequently afflicts workmen gives rise to many difficult cases in the award of a proper compensation under the statute for temporary disability, and we can readily understand the commission's desire to avoid these troublesome questions by adopting rules specially relating to this disability. However, the question still remains whether or not the commission has any authority to adopt rules for compensation other than laid down by the statute by virtue of the provisions permitting it to announce such special rules. If this injured workman comes within the provision of §1465-80, which provides definitely what he shall receive for the impairment of his earning capacity, can there be any other rule adopted by the commission?

The only provisions of the statute that we have been able to find are set out in §1465-55. This section provides that the Industrial Commission shall adopt rules and regulations with respect to certain matters which are enumerated in detail. None of them has specific reference to hernia nor in any of them is it provided that the commission may establish a different rate of compensation from that provided by the sections of the statute, and we therefore hold that to whatever extent the commission seeks to be guided by its rules in reference to hernia, it must yield to the statutory provisions touching compensation of injured workmen in whatever class the specific case may fall.

This man was evidently injured as shown by his preliminary affidavits and by the report of his physicians as well as by the report of the physician of the commission, which resulted in a distressing condition which could not help but impair his earning capacity. Assuming, for the moment, that his earning capacity was not impaired, he still has the right to present his claim to that effect to the commission and is not required to meet the issue by affidavits. We do not wish to hold that the commission in this case has abused its discretion to the extent of permitting the court to intervene, but we do feel that we should point out to the commission that their duty lies along the line of giving to this applicant opportunity to show by evidence properly presented to the commission that his earning capacity has been impaired and that he is entitled to compensation for this result of the injury. We do not believe that his rights are properly protected when, after going through the provisions of §1465-90 and finally securing a judgment of the Court of Common Pleas finding that he is entitled to participate in the fund, that he be met with the statement that the commission has changed the rules as to hernia, and further that the commission is of the opinion that due to the fact that "your wages have not been lessened, that your earning capacity has not been diminished."

Actions in mandamus in this state are governed by §12283 and under the terms of that statute the court can only command the

performance of an act which the law especially enjoins as a duty resulting from some office, trust or station. If the claimant in this case is entitled to participate in the fund and to be paid in the manner provided by the compensation law, and the commission has refused to afford him an opportunity to prove his right to be so compensated, the court should order the commission to proceed to exercise the functions assigned to it by the statute.

Since the above matter was written, we have been advised on matters of like import in the two cases of **State ex Moore v Industrial Commission, 141 Oh St, 241,** and **State ex Morand v Industrial Commission, 141 Oh St, 252,** both of which are reported in The Ohio State Bar Association Report of March 22, 1943.

It will be recalled that in the case at bar the application was made by the injured workman for compensation which the commission refused. Thereupon the claimant filed a motion for a new trial and evidence was taken before the commission, which repeated its former denial of compensation. Thereupon the claimant appealed to the Court of Common Pleas of Franklin county, and the matter was presented to that court upon the evidence taken before the commission, and the court, a jury having been waived, found that the claimant was entitled to participate in the workmen's compensation fund. This finding of the court was certified to the commission, which thereupon refused to fix any compensation under the statute, but tendered to the injured workman the right to submit to an operation for double hernia under rules adopted by the commission touching this condition.

In the case at bar, compensation is sought by the complainant under the provisions of §1465-80 covering compensation in case of partial disability. The cases under review by the Supreme Court based on §1465-82, provide for benefit in case of death. With this exception, the two cases, that at bar and that reported by the Supreme Court bear a remarkable resemblance, so that we may examine with assurance the holding of the Supreme Court above referred to. The cases show such striking similarity that we hesitate to quote from the cited case at large, but recommend that it be carefully read by all parties hereto and others who may be interested.

However, we might cite a few of the principles laid down by the Supreme Court. "Syllabus 2—The doctrine of **res judicata** applies to findings and certifications by the Court of Common Pleas in cases appealed from the Industrial Commission of Ohio under §1465-90 GC. Such doctrine is applicable not only to defenses which were considered and determined, but also to those defenses which could properly have been considered and determined."

Syllabus 3.—Upon appeal under the statute to the Court of Common Pleas, the issue is the right of the claimant to participate or to continue to participate in the state insurance fund. Every defense available to the Industrial Commission should be presented

to the court, and upon failure to present the particular defense, it is waived "and may not thereafter be raised."

Of special interest is Syllabus 4—"Where a Court of Common Pleas finds and certifies to the Industrial Commission of Ohio that a claimant has the right to participate in the state insurance fund, the commission is bound to award some compensation or benefit."

Syllabus 5 holds in effect that where the Common Pleas Court has found and certified that a wholly dependent widow is entitled to participate in the fund, it is the duty of the Industrial Commission to pay to such dependent at least the minimum provided by paragraph 2 of §1465-82 in the manner provided by the first two paragraphs of §1465-83.

Syllabus 7 is to the effect that where a Court of Common Pleas finds and certifies that the claimant is entitled to participate in the fund, the payment by the commission of funeral expenses is not a complete compliance with the finding of the court.

It will be observed that the claim is a death claim and the court holds that §1465-82 shall be the measure of compensation.

In the case at bar, the claim is for partial disability, and it seems to us it shows clearly that when the court has found and certified that the claimant is entitled to participate, the commission is bound to award some compensation or benefit, under the provision of the section relating to partial disability. The decision of the court does not fix the amount of compensation to be paid, but the statute admonishes the commission that the employee shall receive a certain percentage of the "impairment of his earning capacity during the discontinuance thereof." In the reported case, the commission sought to discharge its full obligation by affording to the widow the payment of funeral expenses, and the court holds that such payment "is not a complete compliance with the finding of such court."

We believe we are justified under this rule in finding that an offer to pay for an operation (which the claimant does not seek and which he states he does not want) is not a complete compliance with the finding of the court. The commission in the determination of the case, took the position that inasmuch as the claimant did not suffer any diminution of his wages, that the commission could not compensate him for the impairment of his earning capacity. If we would hold that the commission did have a right to deny compensation to an injured workman because he did not suffer a diminution of wages during the time of his injury, we would be granting to the commission the right to nullify the definite provisions of the statute provided for the benefit of injured workmen.

Turner. J., in delivering the opinion of the court, points out on page 251, that the allowance of funeral expenses is not a compliance with the judgment of the court.

In the case at bar, the original claim was heard by the commission and denied, and the matter was then heard by the Court of Common Pleas. Every defense that the commission made or

might have made is definitely determined by the general finding of the court that the claimant is entitled to participate in the fund.

It follows, therefore, that a peremptory writ of mandamus should issue commanding the commission to pay to the claimant not less than the minimum amount fixed by §1465-80, the same to be paid to the claimant under the provisions of said section.

BARNES, P.J., and HORNBECK, J., concur.