## STATE, ex. WALLER, Relator, v. INDUSTRIAL COMMISSION, Respondent.

Ohio Appeals, Second District, Franklin County.

No. 3536.   Decided February 24, 1944.

B. F. Hughes, Columbus, for relator.

Thomas J. Herbert, Atty. Genl., Robert E. Hall, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By GEIGER, J.

This matter is before this Court on an original application for a rule in contempt. Its basis is an original application by one Fred Waller, the relator, in which an order of this Court issued in a mandamus proceeding under date of April 8, 1943, the final entry of the Court being, "The Court, therefore, finds that the relator herein is entitled to a peremptory writ of mandamus, and it is ordered, adjudged and decreed that a peremptory writ of mandamus issue commanding the Commission to immediately pay the claimant not less than the minimum amount fixed by §1456-80 GC, the same to be paid to the claimant under the provision of this section."

The application for a rule in contempt is to the effect that Mr. Hughes, attorney for the relator, asserts that the writ of mandamus was granted as prayed for by the relator; that the respondent, the Industrial Commission, has failed and refused to pay relator according to the terms of said order and is in contempt of this Court under said order.

Under date of December 16, 1943, the Commission found as hereinafter recited.

In answer to the application for a rule in contempt the respondent denies that the Commission is in any way in con-

tempt and particularly denies its contempt for failure to comply with the writ of mandamus.

This matter has been before the Court in the original mandamus hearing under the title of **State ex rel. Waller, Relator, v Industrial Commission,** Respondent, **38 Abs., 515.** The opinion of this Court is set out in full and recites all the facts that are necessary to the determination of this action, and the same need not be again repeated. The judgment of this Court was affirmed by the Supreme Court, **142 Oh St 193,** which see.

As before stated, this is an application for a rule in contempt for the violation of the order of the Court.

**Sec. 12137 GC,** defines what acts are contempt of Court and provides that a person guilty of any of the enumerated acts may be punished for a contempt.

"(1) Disobedience of or resistance of a lawful writ, process, order, rule, judgment, or command of a court or an officer."

The allegation of the affidavit is that the Commission has failed and refused to pay relator according to the terms of said order, and that it is in contempt of this Court under said order.

In the case of **State of Ohio, ex rel. Turner, 118 Oh St, 527,** it is held that,

(1) "A court created by the Constitution has inherent power to define and publish contempts, such power being necessary to the exercise of judicial functions."

We summarize the statements under the topic, "Contempt", **9 O Jur, p. 5,** et seq., so far as the same may be here pertinent. Contempt is a wilful disregard of or disobedience to public authority, especially concerned with the judicial branch.

Constructive contempt arising from a refusal to comply with an order of the Court as distinguished from those contempts committed in the presence of the Court are such as tend to obstruct, embarrass or prevent due administration of justice and usually consist in the refusal to obey an order or writ of court. Where the peremptory writ commands an officer to do an act calling for the exercise of a discretion, a court can not control such discretion, and if the officer has acted as directed by the court, although the result of his

actions are not satisfactory to the Court, he cannot be punished for contempt.

It is a settled rule that a person who disobeys a mandamus issued by the Court is in contempt unless he can give a valid excuse.

The order of this Court was that "the peremptory writ issue commanding the Commission to pay to the claimant not less than the minimum amount fixed by §1465-80". That section provides that in case of injury resulting in partial disability, the employee shall receive 66-2/3 per cent of the impairment of earning capacity during the continuance thereof, not to exceed a maximum of $18.75 per week, nor a greater sum in the aggregate than $4000.00, and such compensation shall be in addition to the compensation allowed to the claimant for the period of temporary total disability resulting from such injury. This being an application for a rule in contempt we must determine whether the action of the Commission is in contempt of court or is an attempt upon the part of the Commission to comply with the order of the Court as above set out.

In the case of **Copperweld Steel Co. v. Commission, 142 Oh St 439,** it is held, syl. 3:

"Mandamus will not lie to control the discretion of the Industrial Commission with respect to the award of compensation; but the writ will lie to compel the performance of a duty especially enjoined by law where failure to perform the duty results from abuse of discretion, violation of law or otherwise."

And on page 441:

"* * * When the claim is allowed the action (of the Commission) is final."

And on page 444:

"Do facts pleaded state a cause of action in mandamus? Mandamus is frequently employed to keep the Industrial Commission within legal bounds. The writ's use is limited to compelling performance of a duty especially enjoined by law, whether the failure to perform the duty results from an abuse of discretion, a violation of law or otherwise."

On page 445:

"The power to determine compensability is vested in the Commission and cannot be interfered with as long as its discretion is exercised soundly and within legal bounds."

Speaking of the duty of the Commission it is said in **Moore v Industrial Commission, 141 Oh St 241:**

1. "In considering a matter within its jurisdiction it is the duty of the Industrial Commission to pass definitely and specifically upon each issue raised in the claim necessary for a proper and complete decision thereon."

4. "Where a Court of Common Pleas finds and certifies to the Industrial Commission of Ohio that a claimant has the right to participate in the state insurance fund, the Commission is bound to award some compensation or benefit."

Quoting from **State, ex rel. Kauffman v Commission, 121 Oh St 472,** the court in the Moore case said, at

Page 247: * * * "It becomes the duty of the Commission upon receiving such certificate to recognize the verdict and judgment as awarding some disability **and to proceed to inquire the extent of such disability."**

Page 248: "If the finding of the court or the verdict of the jury is in favor of the claimant's right to participate or to continue to participate in such fund, the Court shall certify such finding or verdict to the Industrial Commission and the Commission shall thereupon order compensation to be paid in the manner provided by this act for the payment of other awards."

Page 249: " * * *It is the duty of the Commission to award and pay relatrix as provided in §1465-83 GC, at least the minimum benefits provided in §1465-82 GC."

Page 251: "It follows, therefore, that a peremptory writ of mandamus should issue commanding the commission to pay to the relatrix not less than the minimum amount fixed. * * *"

See also **State, ex rel. Morand v Industrial Commission, 141 Oh St 252.**

In **State, ex rel. Waller, Appellee, v Industrial Commission of Ohio, 142 Oh St, 193,** which is the review by the Supreme Court of the instant case, it is held:

"Where a Common Pleas Court on an appeal from an Industrial Commission, after hearing, finds and certifies the

right of a claimant to participate in the state insurance fund, it becomes the duty of the Industrial Commission under the provision of §1465-90 GC, to 'thereupon order compensation to be paid in the manner provided * * * for the payment of other awards * * *'."

On page 196:

"The extent of disability whether temporary or permanent, as well as the extent of impairment of earning capacity, are matters committed to and are to be determined by the Industrial Commission. The Commission has continuing jurisdiction in such cases. * * * It is incumbent upon the Commission, however, to afford opportunity for the presentation of evidence and therefrom determine the extent of the impairment of the earning capacity of the claimant * * and to make an award in accordance with the provision of the workmen's compensation law."

In compliance with these rules and principles a writ of mandamus was issued directing that the commission proceed as therein prescribed. The Commission, under date of December 16, 1943, recites that the claim came on to be heard pursuant to a writ of mandamus issued by the Court of Appeals, which writ was affirmed by the Supreme Court. It is further recited that it appears from the record that notice was sent to the claimant extending a further opportunity to present evidence in support of the claim; that it appearing that claimant and his counsel did not desire that this claim be further continued for investigation or the taking of oral testimony, the Commission finds,

"that from the evidence now in the record that there was no impairment of earning capacity from the date of the injury on May 10, 1938, to December 5, 1941, the date of the judgment of the Court of Common Pleas. "* *

"Now, therefore, in compliance with the writ of mandamus heretofore mentioned and in order to pay some compensation to the claimant under the provisions of §1465-80 GC, the Commission now finds an arbitrary impairment in earning capacity to the extent of $1.00 per week for the period from May 18, 1938, to December 5, 1941, inclusive; that temporary, partial compensation be granted to the claimant on an impairment of $1.00 per week from May 10, 1938, to December 5, 1941, inclusive."

In pursuance of this order of the Commission a tender was made to the claimant of a small amount which was rejected under the claim asserted by the claimant that he was entitled to two-thirds of his weekly wage for the entire period from the date of his injury, not exceeding the sum of $4000.00. This situation presents a question for our determination. Upon giving the matter thoughtful consideration we deny the application for a rule in contempt of court, for the reason that it appears that the Commission has taken steps to comply with the order of the Court.

The Commission cannot be punished for contempt where it has proceeded as required by the Court, but may have, in the exercise of its jurisdiction arrived at a conclusion not satisfactory to complainant and not appealing to the judgment of the court in which the proceeding in mandamus was instituted. We are of the view that the Commission was not justified "in compliance with the writ of mandamus * * * and in order to pay some compensation to the claimant * * to find an **arbitrary** impairment in earning capacity to the extent of $1.00 per week." The Commission seems to have ·concluded that inasmuch as the claimant presented no further evidence that it was under no obligation to find the impairment of earning capacity. It seems to us there was plenty of evidence before the Commission without any further verbal testimony to afford a foundation for a judgment as to impairment of earning capacity. The physical situation was presented by the exhibition of the body of the claimant and in addition to that, there were two reports of the physicians of the Commission to the effect that the claimant had suffered as claimed and that there was an impairment of earning capacity. Dr. Giles, under date of April 8, 1942, stated, "Examination revealed direct complete inguinal hernia on the left side, and an indirect incomplete hernia on the right side. **These injuries have produced a high degree of disability** and surgery is recommended."

Dr. Frailie, under date of April 2, 1942, certifies, "February 26, 1942, Mr. Fred Waller was again examined by me. He was wearing a truss. Upon removing the truss the hernia mass descended into the scrotum (left side). Because of the hernia on the left side, it is my opinion that Mr. Waller is **partially disabled.**"

While it may have been advisable on the part of the claimant to produce additional expert testimony to the effect that the injury impaired his earning capacity, yet such additional medical statements would only be cumulative of

those statements already before the Commission through their own surgeons.

It appears to us that the Commission was guilty of an abuse of discretion in finding only an **arbitrary** impairment in earning capacity in order to comply with the writ of mandamus and to pay some compensation, finding such arbitrary impairment to the extent of $1.00 per week for the entire period between the date of injury and the date of the finding of the Common Pleas Court.

While mandamus will not lie to control the discretion of the Commission with respect to an award of compensation, the writ will lie to compel the performance of a duty enjoined by law where failure to perform the duty results from abuse of discretion, violation of law, or otherwise. **142 Oh St 439.**

We are, therefore, driven to the conclusion that the Commission, while it has attempted to comply with the order of the Court to the extent that it will be relieved from the penalty incident to a contempt of this court's order, yet it has not yet performed the duty enjoined by law, and that until it does so, such failure results in an abuse of discretion.

Having found that the Commission may not be punished for contempt, the very important question arises as to what relief is still open to the claimant. It is not the duty of the Court to point out the method that the claimant should follow in order to secure the relief he seeks. §1465-90 GC, provides that,

"If the order of the Commission does not state the ground or grounds on which the claim was denied, or if the order of the Industrial Commission is not definite in such regards, the claimant may maintain an action in mandamus against the Commission in the **Supreme Court** of Ohio."

Whether this method is open to the claimant must be determined by the claimant himself. The claimant must determine whether he has a right to a supplemental order in mandamus based upon the fact that the Commission has been guilty of an abuse of discretion in the finding it has made for the arbitrary impairment in earning capacity and the order to pay $1.00 per week.

What we now say is entirely gratuitous and without effect upon the question presented by this contempt proceeding. It is prompted largely by the uncertainty as to procedure, and also because of the inquiry of counsel for the commission at the time of the oral argument as to the amount of any

allowance that should be made to the plaintiff under our formal order in the mandamus suit.

The record demonstrates the serious physical condition of the applicant in that he has two large hernias aggravated in the extreme and debilitating in effect. That the condition from which the applicant suffers has materially affected his basic earning capacity seems so obvious as to require no elaboration.

It may be that counsel for the applicant could have assisted the Commission by introduction of expert testimony which would elicit the extent of the impairment of applicant's earning capacity. But there is enough in the record as now before the Commission to enable it to intelligently reach a fair approximation of the impairment of earning capacity.

The arbitrary amount fixed by the Commission, namely, $1.00 per week, is, in our judgment, manifestly against the probative effect of the evidence (and constitutes an abuse of discretion). We realize, however, that there is a field covering the extent of the impairment of applicant's earning capacity which is clearly within the discretion of the Commission and with which no court can interfere. With this inhibition in mind, we are satisfied that any sum fixed by the Commission less than one quarter of the average weekly earnings of the applicant would be so inadequate as to constitute an abuse of discretion and it would be well within its discretion to fix the impairment of earning capacity up to 60 per cent of the average weekly wage of the applicant.

Judgment accordingly.

BARNES, P. J., and HORNBECK, J., concur.