MCINTIRE, Plaintiff-Appellee, v. WALLACE, Defendant-Appellant.

Ohio Appeals, Second District, Clark County.

No. 451. Decided November 6, 1945.

Anderson, McKee & Schwer, Springfield, for plaintiff-appellee.

John F. Ward, Columbus, and Orville Wear, Springfield, for defendant-appellant.

MONTGOMERY, J., of the Fifth Appellate District sitting by designation.

## OPINION

By HORNBECK, P. J.

This is an appeal on questions of law from a judgment in behalf of the plaintiff and against the defendant in the sum

of $3,000.00 with costs, awarded on the verdict of a jury. The action was one for damages for personal injuries suffered by the plaintiff when he was struck by an automobile being operated by the defendant. There is no substantial variance in the record as to the happenings out of which the injuries suffered by the plaintiff arose.

Plaintiff had been a passenger in a Ford automobile which was moving westwardly on Pleasant Street in the city of Springfield, Ohio. The tire went down as the car was being driven across the intersection of Pleasant Street with Dayton Avenue, and was then parked along and parallel to the north curb of West Pleasant Street, a distance of some 18 to 25 feet west of Dayton Avenue. The front right wheel of the Ford was against the north curb of Pleasant Street, and the car itself was but a few feet out into the street. Plaintiff was changing the tire. He had removed the wheel and was standing at the rear of the car, looking into the compartment preparatory to removing the extra tire therefrom, when an automobile driven by the defendant, moving out of Dayton Avenue and into Pleasant Street, struck the plaintiff impaling his left knee and leg against the rear bumper of the Ford, and forcing it up over the curb and against a tree near by.

The negligence averred by the plaintiff was violation of "assured clear distance ahead" statute and driving too close to the curb. The answer was a general denial and unavoidable accident and also set up an Ordinance of the City of Springfield which made it a violation to leave a "vehicle in any street * * * in such a manner as to obstruct the free use of the same for the purpose of being repaired or for other purposes, except in case of unavoidable necessity, when the same should be removed within a reasonable time."

The answer does not specifically aver that the plaintiff was violating this ordinance, or, in fact, that it was being violated. However, it probably was not necessary that it be pleaded if it became germane to any issue raised by the denial of negligence on the part of the defendant, or by an issue of contributory negligence.

The trial Judge declined to charge the jury that it could consider the ordinance for any purpose whatever.

In this there was no error because of the application of the exception in the ordinance that it would not have application "in case of unavoidable necessity, when the automobile should be removed within a reasonable time". The occasion for the parking was unavoidable necessity and it clearly appeared that the car had not been parked for an unreasonable length of time. The ordinance, if violated, would only be applicable

if such violation was the sole proximate cause of plaintiff's injury, a conclusion which could not be reached in view of the general verdict which carried with it the finding of defendant's negligence as a proximate cause of plaintiff's injury.

Defendant tendered a special charge before argument on the theory of emergency or unavoidable accident, which charge the court refused to give. The court did not charge on contributory negligence.

It is urged by the defendant that the verdict of the jury was the result of sympathy, bias or prejudice, that the court did not charge on this subject, and that she was prejudiced thereby. There is nothing in this record to indicate that passion, prejudice or sympathy would normally be aroused by its consideration. Although the trial judge did not charge upon the subject, counsel for defendant made no request that he do so. It was no error of commission to fail so to charge.

It is further urged that the court should have charged on the theory of unavoidable accident. In view of the answer that the defendant was not negligent, and the development of the testimony, we are satisfied that the court did not err in refusing to charge as insisted by the defendant.

See,—**Uncapher v The Baltimore & Ohio Rd. Co., 127 Oh St 351.**

**Thompson-Davies Chevrolet Co. v Lawrence, No. 3834 Franklin—decided Oct. 15, 1945.**

The error upon which defendant-appellant principally relies in her brief and in oral argument by her counsel is that the verdict and judgment are excessive and it is urged that there was insufficient testimony and no substantial proof of permanent injury and that such injuries as were shown were minor in character, requiring simple home treatment, and that there was practically no showing of loss of earning capacity, because the plaintiff, at the time of trial, was earning more salary than at the time of his injury.

The plaintiff, his wife, other witnesses and two Doctors testified as to the nature and extent of plaintiff's injuries. The defense offered no testimony on the subject. So that every reasonable intendment favorable to the plaintiff to be drawn from this evidence, must be indulged.

It appears that before the accident, the plaintiff was physically strong, of athletic habits; that he played football, both amateur and professional; weighed 210 pounds, and had had no serious illness.

The jury had a right to find that the force of the collision, which caused the impact of the defendant's car to force the plaintiff's car over a curb and some distance beyond, was trans-

mitted through the knee and leg of the plaintiff against the bumper of his car. This resulted in bending the leg and caused extreme pain; his leg was swollen to almost double its normal size and was bruised from the ankle to the thigh; a blood clot formed and this, together with muscular injury, required hot applications of epsom salts and heat pads applied as often as every thirty minutes for twenty-four hours of the day, for a number of days. The plaintiff was unable to put his left foot to the ground for two weeks, and although he returned to work in about ten days by the use of crutches, he could not remain and returned to his home where he was incapacitated for about eight or nine days more. Thereafter he used crutches for two weeks and then a cane for several weeks more. Medical testimony disclosed arthritis, which although present in latent form at the time of the injury, was aggravated thereby and became progressively worse; that the numbness of the left knee was distracting, and that the knee and the leg were weakened, and did not function normally; that the leg was atrophied below the knee and at the thigh; that the plaintiff suffered excruciating pain because of these conditions, and that at the time of the trial, more than three years after the accident, he continued to suffer pain; that he did not have a night of restful sleep and was required to use sedatives.

Doctor C. E. M. Finney, an orthopedic surgeon, testified that the injuries received by the plaintiff were permanent, and that they had been progressively worse, might continue to get worse and certainly would never be any better.

It appeared, by reason of the tenure of plaintiff's service, he had been advanced in salary since he had returned to work. This was but one factor to be considered by the jury in weighing the damages suffered by the plaintiff by reason of the permanency of his injuries. An analogy may be had by considering the case of,—State, ex rel. Walker v Ind. Comm. 38 Abs., 515. wherein this court held, citing—Commission v Royer, 122 Oh St, 271 that the fact that the wages of the injured workman have been increased or decreased, is not a factor as to determining whether or not earning capacity has been impaired. Chief Justice Marshall, in Commission v Royer, supra, in speaking of the testimony there developed, where it appeared that the claimant at the time of her application for award was earning more than the wage received at the time of the injury, said that that was not controlling or even important; that the fact of increase or decrease in earnings has no essential relation to earning capacity. The reason for this holding is obvious.

It appears that the plaintiff at the time of the trial and

prior thereto, had been working as a supervising storekeeper in a building many times larger than his place of employment at the time of his injury. It also appears that for several weeks after his return to work, the plaintiff was given a "sit down" job.

Upon the whole record, it can reasonably be inferred that the plaintiff, although carrying on in his employment, is not and will not be as well qualified to meet the duties thereof as he would have been had he not suffered the injury.

We cannot say that the damages assessed are excessive nor that any error assigned is well made.

Appellee insists that there is no basis for this appeal and that damages should be assessed against the appellant for prosecuting it. We do not so hold.

The judgment will be affirmed.

MILLER, J., and MONTGOMERY, J., concur.