THE STATE, EX REL. GORDON, *v.* YOUNG, ADMR., BUREAU OF
WORKMEN'S COMPENSATION, ET AL.

(No. 6510—Decided January 15, 1963.)

*Mr. James F. DeLeone* and *Mr. C. Russell Thompson,* for
relatrix.

*Mr. William A. Saxbe* and *Mr. Mark McElroy,* attorneys
general, *Mr. Alvin C. Vinopal* and *Mrs. Mary Spivey Durham,*
for respondents.

*Per Curiam.* This is an action in mandamus originating
in this court in which Mrs. Wilda Gordon is relatrix and James
L. Young, Administrator of the Bureau of Workmen's Compen-
sation, and the Industrial Commission of Ohio are the re-
spondents.

The matter comes on for consideration upon the petition of
Mrs. Gordon, the joint answer of the administrator and the
Industrial Commission and the reply of Mrs. Gordon. Also
before the court are the claims file of Mrs. Gordon and the de-
position of F. Leo Hummell, an employee of the respondents.

It appears that on December 20, 1955, Mrs. Gordon suffered
an accidental injury to her back while in the course of and aris-
ing out of her employment with the Isaly Dairy Company, her
employer, being amenable to and complying with the workmen's
compensation laws of this state. Pursuant to an application

filed by Mrs. Gordon seeking medical expense, reimbursement and compensation, a determination was made in favor of Mrs. Gordon, and medical expenses and temporary total disability compensation were paid.

The prayer of the petition is:

"* * * that a peremptory writ of mandamus issue against the respondents and each of them, commanding them to compute the compensation payable to her under Section 4123.57 (A) of the Revised Code on the basis of her actual impairment in earning capacity and not on the basis of her physical disability; that such writ issue and command them to pay her compensation to the maximum degree provided by law under the provisions of the aforesaid section of the Code; and for such other and further relief to which she may be entitled in the premises."

From a review of the file, it is apparent that the Industrial Commission has never determined the loss of earning capacity of this claimant. It has determined only the percentage of permanent partial disability which is something different from "loss of earning capacity." While this court has the power to order the commission to determine the "loss of earning capacity," there is insufficient evidence that the commission refused. The file should show sufficient information upon which the Industrial Commission could determine the "loss of earning capacity" and a refusal to do so before a special writ is issued.

The commission has followed its usual procedure of having a medical determination of the permanent partial disability and the collection of wage statements showing the earnings of the claimant, but has not collected sufficient information upon which to have an opinion as to loss of earning capacity. The file is silent as to the claimant's ability, willingness and opportunity to work. See *State, ex rel. Waller,* v. *Industrial Commission,* 38 Ohio Law Abs., 515, affirmed, 142 Ohio St., 193. See, also, *Industrial Commission* v. *Roger,* 122 Ohio St., 271.

*Writ denied.*

DUFFY, P. J., BRYANT and DUFFEY, JJ., concur.