THE STATE, EX REL. STANEK, *v.*
INDUSTRIAL COMMISSION OF OHIO.

(No. 81AP-528—Decided March 30, 1982.)

Messrs. *Larrimer & Larrimer* and *Mr. Craig Aalyson,* for relator.

*Mr. William J. Brown,* attorney general, and *Ms. Nancy Miller,* for respondent.

NORRIS, J. This is an original action in mandamus in which relator, William R. Stanek, seeks an order directing the Industrial Commission to award him workers' compensation for impairment of his earning capacity pursuant to R.C. 4123.57(A).

Relator's claim was allowed for a May 28, 1973 injury to his back, head, and shoulders, and he received temporary total disability benefits. The commission later determined that he was thirty percent permanently and partially disabled as the result of the recognized injury, and that percentage was subsequently increased to fifty percent. Relator filed an election to receive partial disability compensation under R.C. 4123.57(A), based on the impairment of his earning capacity.

Relator's election was denied by the district hearing officer and that denial was affirmed by the Regional Board of Review. The commission declined relator's appeal from the regional board. Relator then filed this action.

The parties appear to agree that mandamus is the proper remedy to enable relator to obtain a review of the commission's action in denying his election.

Relator's request to receive compensation, on the basis of the impairment of his earning capacity, was denied by the district hearing officer for the reason that "* * * the claimant's present weekly earnings exceed the average weekly wage at the time of injury and therefore he is not entitled to an award * * *."

The fact that relator was earning more than he earned at the time of the injury is not controlling, or even important. The question before the commission was one of impairment of earning capacity, not of actual earnings. The fact of increased or decreased earnings has no essential relationship to earning capacity. *Indus. Comm.* v. *Royer* (1930), 122 Ohio St. 271, 273; *State, ex rel. Waller,* v. *Indus. Comm.* (Franklin App. 1943), 38 Ohio Law Abs. 515, 520, affirmed 142 Ohio St. 193 [27 O.O. 166]. In other words, while decreased or increased wages may be considered in conjunction with other evidence in order to determine the existence or absence of impairment in earning capacity, evidence of actual earnings by itself is not determinative of the issue. See Young, Workmen's Compensation Law of Ohio (2d Ed. 1971), at 135; 2

Larson, The Law of Workmen's Compensation (1981), 10-72, Section 57.21.

The denial of relator's election having been based solely upon the reason cited by the hearing officer and the evidence supporting his factual finding concerning actual earnings, there is a clear abuse of discretion on the part of the commission justifying relief by mandamus.

Respondent's reliance upon the unreported decision of this court in *State, ex rel. Morris,* v. *Indus. Comm.* (Dec. 23, 1980), No. 80AP-212, is not well founded. In that case, the commission found, based upon all the evidence before it, that there was no impairment in the claimant's earning capacity. Evidence of earnings was only part of the evidence before the commission; in addition, its decision was not founded upon a misstatement of the law as is the case here. It is unfortunate that we utilized language in that opinion that appeared to attach significant importance to increased or decreased earnings. That language[1] was not necessary to the resolution of that appeal; it was *obiter dictum,* and, to the extent that it has created confusion, we here disavow the language.

We grant a limited writ in mandamus, remanding this matter to the commission for further hearing and proceedings in order that all relevant evidence may be considered and evaluated, consistent with this decision, the commission then to determine the extent to which relator has suffered an impairment of his earning capacity, if any.

*Writ granted.*

STRAUSBAUGH, P.J., and COOK, J., concur.

___

[1] "* * * While the term 'earning capacity' is not defined in the statutes, it is logical that one who is attempting to recover, pursuant to R.C. 4123.57(A), must at least demonstrate that he or she is not able to earn at the same rate at which he or she was paid prior to the injury as a direct result of the injury. * * *"

COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District.