THE STATE, EX REL. NOLASCO, APPELLANT, *v.* BORG-WARNER CORPORATION ET AL., APPELLEES.

[Cite as State, ex rel. Nolasco, *v.* Borg-Warner Corp. (1983), 6 Ohio St. 3d 23.]

(No. 82-1499—Decided July 13, 1983.)

*Mr. Michael J. Muldoon,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Thomas E. Skilken,* for appellee Industrial Commission.

*Messrs. Squire, Sanders & Dempsey, Mr. William C. Donahue* and *Mr. Robert H. Gillespy,* for appellee Borg-Warner Corp.

*Per Curiam.* Appellant maintains that he has not returned to work with Borg-Warner because his injury makes him unable to work two full-time jobs. As evidence of this inability to return to both of his full-time jobs, appellant offered the fact that he did not return to both of them and the finding that he was twenty-three percent permanently partially disabled. This was deemed sufficient by the hearing officers passing on his first two applications for benefits. Appellant offered no new evidence to support his third application. He argues that no new evidence was necessary.

Appellant contends that the language of R.C. 4123.57, as well as that of the order of March 14, 1979, *require* that benefits payable under division (A) continue until he has received the maximum compensation allowable thereunder. R.C. 4123.57 (B) states in pertinent part:

"* * * Except on application for reconsideration, review or modification,

which is filed within ten days after date of receipt of the decision of the district hearing officer, *in no instance shall the former award be modified unless it is found* from such medical or clinical findings that the condition of the claimant resulting from injury has so progressed as *to have increased* the percentage of permanent partial disability. * * *'' (Emphasis added.)

Appellant argues that the findings of earning capacity impairment encompassed in the commission's earlier order cannot be modified except upward. That is not, however, what the above-quoted passage means. That passage contains a limitation on review which applies only to determinations of permanent partial disability. Whether any given percentage of permanent partial disability has impaired a claimant's earning capacity is a distinct determination, review of which is not limited by the language of that passage.

Appellant notes that the order of March 14, 1979 stated that his benefits should "* * * continue with supportive evidence or till the claimant reaches maximum * * * [c]ompensation payable." Appellant would give that language a literal translation, such that the statement appears to provide that benefits may continue with or without supportive evidence until maximum compensation has been paid. These alternatives, however, are logically incompatible. Given its logical construction, the phrase is meant to allow for continued payment of earning impairment benefits *upon* proof of continued impairment. At any rate, this latter interpretation corresponds to the limited authority with which R.C. 4123.57 vests the commission, and it may not exercise authority beyond those limits.

Borg-Warner offered a doctor's report showing that appellant was released to return to work without restrictions as of April 22, 1972. Also offered was a separation notice indicating that appellant failed to return to work because he had another job. Borg-Warner contends that this evidence is sufficient to support the decision denying appellant's claim. We agree.

This court has consistently held that "* * * mandamus will not lie where there is some evidence to support the finding of the Industrial Commission." *State, ex rel. Anderson*, v. *State* (1979), 60 Ohio St. 2d 106, 108 [14 O.O.3d 339]. The record contained evidence to dispute the factual basis for appellant's claim. The commission was entitled to reject it. The judgment of the court of appeals is accordingly affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.