THE STATE, EX REL. BOUCHONVILLE, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as State, ex rel. Bouchonville, *v.* Indus. Comm. (1988), 36 Ohio St. 3d 50.]

(No. 86-1411—Decided April 6, 1988.)

*Benjamin Sheerer* and *Paula Goodwin,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Bruce Rutsky* and *Merl H. Wayman,* for appellant Industrial Commission.

*Hugh Nelson,* for appellant U.S. Steel Corporation.

*Per Curiam.* Under the provisions of former R.C. 4123.57, the commission must first determine the percentage of a claimant's permanent partial disability. Thereafter, the claimant is authorized to elect whether to receive benefits under division (A) or (B) of the section, and compensation is determined by formulas set forth in those respective divisions. A determination of the percentage of permanent partial disability—the degree of a claimant's inability to work—is a predicate to an election under R.C. 4123.57(A) or (B), and the calculations called for by those elections. *State, ex rel. Perkins,* v. *Super Value Stores, Inc.* (May 27, 1986), Franklin App. No. 85AP-185, unreported; *State, ex rel. Kennedy,* v. *Indus. Comm.* (Oct. 16, 1986), Franklin App. No. 85AP-513, unreported.

Further, once this election is made, R.C. 4123.57(A) grants an allowance of benefits where the "injury * * * resulting in partial disability" resulted in an impairment of earning capacity. *State, ex rel. Hammond,* v. *Indus. Comm.* (1980), 64 Ohio St. 2d 237, 18 O.O. 3d 438, 416 N.E. 2d 601.

The appellant employer urges primarily that the determination of whether relator suffered an impairment in her earning capacity should be based upon more than a review of earnings or lack of earnings.

The fact that a claimant experiences an increase or decrease in earnings has no essential relationship to earning capacity. It is not a question of actual earnings, but of impairment of earning capacity. *Indus. Comm.* v. *Royer* (1930), 122 Ohio St. 271, 8 Ohio Law Abs. 257, 171 N.E. 337.

Moreover, "[w]hile decreased or increased wages may be considered in conjunction with other evidence in order to determine the existence or absence of impairment in earning capacity, evidence of actual earnings by itself is not determinative of the issue." *State, ex rel. Stanek,* v. *Indus. Comm.* (1982), 4 Ohio App. 3d 63, 4 OBR 113, 446 N.E. 2d 489, syllabus. See, also, Young, Workmen's Compensation Law of Ohio (2 Ed. 1971) 135, Section 7.14. If a loss of earning capacity is attributable to a cause other than the injury, it is not compensable. Young, *supra.*

We find, in applying the foregoing discussion to the instant case, that the order of the district hearing officer denying appellee permanent partial disability compensation was premised upon the incorrect standard of appellee's having suffered no loss in earnings attributable to the injury. In denying appellee's motion for benefits, the district hearing officer stated that "claimant's loss in earnings is due to being laid off in February 1982 * * *." The determination is not whether ap-

pellee suffered a loss in earnings; rather, the issue is the degree to which the claimant has experienced an impairment in earning capacity due to the allowed injury.

In vacating the order of the commission, the court of appeals correctly noted that because appellee would have been entitled to payment of compensation for impairment of earning capacity had she continued to be employed, it necessarily followed that she could not be denied such compensation merely because she was laid off from employment. That fact alone had no effect upon her right to receive compensation pursuant to her election.

However, it was error for the court of appeals to determine that it was unnecessary to remand the case to the commission for further proceedings on the determination of the degree of impairment of appellee's earning capacity because a hearing officer had already determined that the percentage of permanent partial disability was twelve percent.

Furthermore, in granting the original award, the district hearing officer considered the report of Dr. MacKay in which the doctor stated that he found zero percentage of permanent impairment of appellee's left ankle and foot, and the report of Dr. Fierra in which the doctor determined that there was a percentage of impairment of a low degree of approximately fourteen percent. Presumably, the hearing officer considered these medical reports as well as nonmedical factors in determining whether appellee had a twelve-percent permanent partial disability. However, the order of the hearing officer does not indicate that the nonmedical factors were considered.

This court has held that it is necessary for the commission to review a claimant's age, education, work record, and all other factors contained in the record when determining the degree of impairment of earning capacity. An exhaustive discussion is not required; it is enough that there is an indication that the commission considered such factors. *State, ex rel. Stephenson,* v. *Indus. Comm.* (1987), 31 Ohio St. 3d 167, 31 OBR 369, 509 N.E. 2d 946. Hence, the original order of the district hearing officer is flawed because there is no indication that all the relevant factors of *Stephenson* were considered in determining the percentage of permanent partial disability.

Therefore, the judgment of the court of appeals granting a writ of mandamus is modified and the cause is remanded to the commission to determine the degree of impairment of appellee's earning capacity in accordance with our decision in *State, ex rel. Stephenson, supra.* The commission shall issue an amended order identifying which of the *Stephenson* factors were considered and its determination of the percentage of permanent partial disability in light of these factors.

The judgment of the court of appeals is affirmed as modified.

*Judgment affirmed
as modified.*

MOYER, C.J., LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., concur in judgment only.