THE STATE, EX REL. JOHNSON, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as State, ex rel. Johnson, *v.* Indus. Comm. (1988), 40 Ohio St. 3d 384.]

(No. 88-158—Submitted October 18, 1988—Decided December 30, 1988.)

*Larrimer & Larrimer, Craig Aalyson* and *David H. Swanson,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jenice R. Golson,* for appellant Industrial Commission.

*Squire, Sanders & Dempsey, Preston J. Garvin* and *Kevin R. Abrams,* for appellant North American Coal Corp.

HOLMES, J. The determinative question before this court is whether a claimant has an absolute right to receive benefits under R.C. 4123.57(A) based upon a prior determination of the percentage of a claimant's partial disability. For the reasons that follow, we hold that a claimant does not have such an absolute right to receive compensation under Section (A), and therefore we reverse the court of appeals.

The version of R.C. 4123.57 in effect on the date of appellee's injury,[1] provided in relevant part:

---

[1] R.C. 4123.57(A) was substantially changed by Am. Sub. S.B. No. 307, effective August 22, 1986. (141 Ohio Laws, Part I, 718, 767-768.)

"Partial disability compensation shall be paid as follows, provided, that an employee may elect as between divisions (A) and (B) of this section as to the manner of receiving the compensation set forth in this section:

"(A) In case of injury or occupational disease resulting in partial disability other than those exclusively provided for under division (C) of this section, the employee shall receive per week sixty-six and two-thirds per cent of the *impairment of his earning capacity* which results from the injury or occupational disease during the continuance thereof, not to exceed a maximum amount of weekly compensation which is equal to the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, but not in a greater sum in the aggregate than seventeen thousand five hundred dollars.

"* * *

"(B) The district hearing officer, upon such application, shall determine the percentage of the employee's *permanent disability,* except such as is subject to division (C) of this section, based upon that condition of the employee resulting from the injury or occupational disease and causing permanent impairment evidenced by medical or clinical findings reasonably demonstrable. * * *" (Emphasis added.)

In opposing the unqualified right to receive benefits under R.C. 4123.57(A), appellants contend that such an unqualified right destroys the distinction between permanent partial disability and impairment of earning capacity. Appellee, on the other hand, essentially argues that this court's recent decisions in *State, ex rel. Bouchonville,* v. *Indus. Comm.* (1988), 36 Ohio St. 3d 50, 521 N.E. 2d 773; *State, ex rel. Stephenson,* v. *Indus. Comm.* (1987), 31 Ohio St. 3d 167, 31 OBR 369, 509 N.E. 2d 946; and *Meeks* v. *Ohio Brass Co.* (1984), 10 Ohio St. 3d 147, 10 OBR 482, 462 N.E. 2d 389, have eliminated any distinction between R.C. 4123.57(A) and (B) as regards the proof necessary to establish an award under each, thus making the right to receive benefits unqualified. Although the language used in *Bouchonville* is somewhat misleading, appellee's arguments are not supported by a clear reading of the statute and the cases on which he relies.

As a predicate to election between Sections (A) and (B) of the statute, R.C. 4123.57 requires that the claimant demonstrate that he or she suffered an injury in the course of employment and that such injury left the claimant partially disabled.[2] Accord *State, ex rel. Morris,* v. *Indus. Comm.* (Dec. 23, 1980), Franklin App. No. 80AP-212, unreported. The determination of partial disability must take into account both medical and relevant nonmedical considerations such as age, education, work history, etc. *Stephenson, supra.* "Disability" is thus a legal term, which has been defined as "the effect that the physical impairment [a medical determination] has on the claimant's ability to work." *Stephenson, supra,* at 171, 31 OBR at 373, 509 N.E. 2d at 950. Once the claimant obtains this predicate determination of partial disability, made in terms of a percentage, an election of compensation under Section (B)

---

[2] The reference in the first paragraph of the *per curiam* opinion in *Bouchonville* to *"permanent* partial disability" as a predicate to election of (A) or (B) of R.C. 4123.57 is clearly erroneous. *Permanent* partial disability is the actual, lump-sum compensation awarded pursuant to R.C. 4123.57(B). Absent the word "permanent," this paragraph is a correct statement of the law.

is a *fait accompli* — claimant receives a permanent (lump-sum) award based on the percentage of partial disability. An award under Section (B) is in the nature of general damages, and "is an exception to the general rule that sections of the Ohio Workmen's Compensation Law 'are aimed exclusively at compensating for impairment of earning capacity.'" *Fleischman* v. *Flowers* (1971), 25 Ohio St. 2d 131, 134, 54 O.O. 2d 265, 266, 267 N.E. 2d 318, 320, quoting *State, ex rel. Latino,* v. *Indus. Comm.* (1968), 13 Ohio St. 2d 103, 106, 42 O.O. 2d 324, 325, 234 N.E. 2d 912, 914; see, also, Young, Workmen's Compensation Law of Ohio (2 Ed. 1971) 144, Section 7.22; *State, ex rel. Hammond,* v. *Indus. Comm.* (1980), 64 Ohio St. 2d 237, 18 O.O. 3d 438, 416 N.E. 2d 601. While impairment of earning capacity may be considered in this determination of general damages, "it is nevertheless not the only criterion, and it may not even be a major one." *Latino, supra,* at 107, 42 O.O. 2d at 326, 234 N.E. 2d at 915.

In contrast, when election is made under R.C. 4123.57(A), compensation "is clearly based on the theory of providing compensation for the actual impairment of earning capacity." *Latino, supra,* at 106, 42 O.O. 2d at 326, 234 N.E. 2d at 914. Thus, when a claimant has demonstrated to the Industrial Commission that he or she has suffered an injury in the course of employment and the commission has determined the percentage to which such injury left the claimant partially disabled, and the claimant elects to receive compensation under R.C. 4123.57(A), proof of *actual* impairment of earning capacity must be presented to support an award of weekly compensation thereunder. To the extent that the language of *Bouchonville, supra,* is inconsistent with this holding, it is hereby overruled.

Appellants also contend that an unqualified election right contravenes sound public policy. It is appellants' argument that the solvency of the State Insurance Fund would be tested if every claimant with a permanent disability was allowed to elect under R.C. 4123.57(A), and thus draw the $17,500 statutory maximum.

Given our holding above that election under (A) must be supported by specific proof, we find this contention to be unmeritorious. Appellants' argument is based, in part, on the erroneous premise that an election under R.C. 4123.57(A) automatically entitles the claimant to the statutory maximum. There is no automatic entitlement to the statutory maximum. As this court reasoned in *State, ex rel. Nolasco,* v. *Borg-Warner Corp.* (1983), 6 Ohio St. 3d 23, 25, 6 OBR 20, 21, 450 N.E. 2d 1178, 1180, continued payment of earning impairment benefits is contingent upon proof of continued impairment.

The next question we need to consider in this vein is whether a claimant must establish that he is not able to earn at the same rate as he earned prior to his injury. The district hearing officer's order in the cause *sub judice* denied appellee's right to elect under R.C. 4123.57(A) based on the finding that no "impairment in earnings" was present because appellee was unable to demonstrate a decrease in earnings.

We find the district hearing officer's rationale for denial to be without merit. In *Indus. Comm.* v. *Royer* (1930), 122 Ohio St. 271, 273, 171 N.E. 337, 338, this court held that evidence of increased or decreased earnings has "* * * no essential relation to earning capacity." See, also, *Bouchonville, supra,* at 51, 521 N.E. 2d at 774. In *State, ex rel. Stanek,* v. *Indus. Comm.* (1982), 4 Ohio App. 3d 63, 4 OBR 113, 446 N.E. 2d 489, it was held that "* * * while decreased or

increased wages may be considered in conjunction with other evidence in order to determine the existence or absence of impairment in earning capacity, evidence of actual earnings *by itself* is not determinative of the issue." (Emphasis added.) *Id.* at syllabus.

Since the district hearing officer's order denied an R.C. 4123.57(A) election solely on the basis of wages, such denial was contrary to law, and we thus grant a limited writ of mandamus, directing the Industrial Commission to redetermine the existence or absence of an impairment of claimant's earning capacity directly related to the injury, considering factors in addition to actual wages.

Our final inquiry under the instant facts is whether a claimant's layoff precludes the right to an R.C. 4123.57(A) election. The appellants contend that any alleged impairment of appellee's earning capacity was not due to industrial injury, but was instead due to his layoff.

We find appellants' contention on this point to be unpersuasive. There is no evidence in the record that indicates that appellee has recovered from his eighteen-percent disability. See *State, ex rel. Suburban Motor Freight, Inc.,* v. *Indus. Comm.* (June 26, 1986), Franklin App. No. 85AP-39, unreported. In addition, appellee, in his affidavit of January 24, 1986, testifies to continued neck and back problems and indicates that "* * * on account of his injury there are many jobs in and about the mine that he could not have done and still could not do."

Thus, we find that the mere fact of appellee's layoff standing alone is not sufficient to invalidate his claim of impaired earning capacity.

Based on all the foregoing, we hold that since a partial disability determination does not encompass all the factors relevant to impaired earning capacity, an additional determination of impaired earning capacity is necessary, and an unqualified right to election is therefore inappropriate.

Accordingly, the judgment of the court of appeals granting the writ of mandamus is hereby reversed, and a limited writ shall issue, directing the Industrial Commission to redetermine the existence or absence of an impairment of claimant's earning capacity in light of *Bouchonville, supra,* and this opinion.

*Judgment reversed and limited writ issued.*

MOYER, C.J., LOCHER, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, J., dissents with opinion.

DOUGLAS, J., dissents.

SWEENEY, J., dissenting. The majority has misconstrued the determinative issue in this appeal, and has, in effect, rewritten R.C. 4123.57 in a manner that duplicates the bureaucratic maze that an injured worker must endure in order to receive the compensation to which he is entitled. Under such circumstances, I must strongly dissent from the majority opinion herein.

The determinative question before us in this cause is not, as the majority states, whether a claimant has an absolute right to receive benefits under R.C. 4123.57(A) based upon a prior determination of the percentage of a claimant's partial disability. Rather, the crucial question posed in this appeal is whether the claimant has an absolute right *to elect* benefits under either R.C. 4123.57(A) or (B), once a percentage of partial disability has been determined.

R.C. 4123.57, at the time relevant herein, stated in part:

"Partial disability compensation shall be paid as follows, provided that an employee *may elect* as between divisions (A) and (B) of this section as to the manner of receiving the compensation set forth in this section * * *." (Emphasis added.)

Clearly, the statute contemplates an election by the claimant once a percentage of partial disability has been determined. In my view, once a percentage of partial disability has been rendered, an accurate reflection of the degree of impaired earning capacity has been accomplished so as to preclude an additional hearing, thereby permitting the claimant to elect under R.C. 4123.57(A).

R.C. 4123.57 indicates that as a predicate to election, partial disability must first be determined. Recent decisions by this court have required "disability" determinations to include consideration of relevant nonmedical factors such as age, education, work history, etc. *State, ex rel. Stephenson,* v. *Indus. Comm.* (1987), 31 Ohio St. 3d 167, 31 OBR 369, 509 N.E. 2d 946; *State, ex rel. Bouchonville,* v. *Indus. Comm.* (1988), 36 Ohio St. 3d 50, 521 N.E. 2d 773. Thus, a determination of partial disability, as required by R.C. 4123.57, must, by necessity, take into account both medical and nonmedical considerations.

The majority asserts that another proceeding is necessary in order for a claimant to elect under R.C. 4123.57 (A) based on certain language contained in *State, ex rel. Latino,* v. *Indus. Comm.* (1968), 13 Ohio St. 2d 103, 42 O.O. 2d 324, 234 N.E. 2d 912. However, the majority's reliance on this particular case is greatly misplaced. First, *Latino* concerned R.C. 4123.57 prior to its amendment in 1963, and therefore has little precedential value

with respect to the statutory version considered here. Second, the language in *Latino* cited by the majority is, at best, *dicta,* and should not be used as the basis for making the determination herein.

Unfortunately, the majority chooses to partially overrule *Bouchonville, supra,* a case that was decided by this same court less than one year ago. While part of the language in *Bouchonville* is admittedly unclear, a clarification of the opinion seems more appropriate than a reversal of a portion of that decision. If the majority now believes that *Bouchonville* is incorrect after only several months of reflection, one may ask how safe the cause *sub judice* is from a similar fate. While I did not agree with everything written in the *Bouchonville* opinion, as evidenced by my concurrence in judgment only, I find that the partial overruling of that decision makes it appear that either that decision or the instant decision was not as thoroughly considered as it should have been. Unfortunately, the majority opinion will most likely have the effect of adding confusion rather than clarity to this area of law.

Notwithstanding the partial overruling of *Bouchonville, supra,* and while the majority relies on another portion of that case to support its decision, it should be pointed out that in *Bouchonville,* this court cited *Stephenson, supra,* in holding that "* * * it is necessary for the commission to review a claimant's age, education, work records, and all other factors contained in the record when determining the degree of impairment of earning capacity." *Bouchonville, supra,* at 52, 521 N.E. 2d at 775. Thus, determinations as to "disability" and "impairment of earning capacity" appear to contemplate consideration of identical variables. As such, all relevant considerations as to impaired earning

capacity would have necessarily taken place at the initial percentage hearing. Since the percentage figure constitutes an accurate reflection of the degree of earning capacity impairment, no further proceedings should be necessary. Nevertheless, the majority fails to apprehend the overlapping nature of determinations of disability and impairment of earning capacity, and now requires the disabled worker to undergo another proceeding in order to provide essentially the same information that was already established in the percentage hearing. The majority's requirement of another hearing for a claimant to elect under Section (A) of R.C. 4123.57 is contrary to the language of the statute. In addition, I believe that another hearing in this regard is duplicative, unnecessary and a consequent waste of scarce resources. The process involved in obtaining workers' compensation benefits is cumbersome and complex enough without creating another obstacle for the claimant to overcome. The requirement of another hearing in this vein does not ensure that an award is proper; it merely rehashes that which was already determined and only works to delay the compensation that is due to the injured worker.

Therefore, I would hold that since a partial disability determination encompasses all the factors relevant to impaired earning capacity, an additional proceeding to determine impaired earning capacity is unnecessary, and an unqualified right to election would be appropriate.

Accordingly, I would affirm the court of appeals' judgment in full, thereby granting appellee the requested writ of mandamus.