THE STATE, EX REL. APGAR, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as State, ex rel. Apgar, *v.* Indus. Comm. (1989), 42 Ohio St. 3d 5.]

(No. 88-589—Submitted February 8, 1989—Decided March 29, 1989.)

*Agee, Clymer & Morgan Co., L.P.A.,* and *Philip J. Fulton,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jenice R. Golson,* for appellant.

*Per Curiam.* In the syllabus to *State, ex rel. Johnson,* v. *Indus. Comm.* (1988), 40 Ohio St. 3d 384, 533 N.E. 2d 775, we held:

"When a claimant has demonstrated to the Industrial Commission that he or she has suffered an injury in the course of employment and the commission has determined the percentage to which such injury left the claimant partially disabled, and the claimant elects to receive compensation under R.C. 4123.57(A), proof of actual impairment of earning capacity must be presented to support an award of weekly compensation thereunder. (Former R.C. 4123.57, construed.)"

Our task in the present case is limited to a determination of whether the appellee (claimant) has presented proof of actual impairment of her earning capacity. As distinguished from the findings made by the district hearing officer in denying the claim in *Johnson, supra,* here the district hearing officer made the following finding on January 7, 1985:

"The employer's motion objecting to claimant's election under Paragraph 'A' is granted for the reason that claimant has not established nor does the medical evidence reveal an impairment of earning capacity as a result of the allowed conditions in this claim." (This finding was essentially affirmed by the commission staff hearing officers on October 18, 1985.)

Appellee does not point to any evidence of record to support an actual impairment of earning capacity and we find no such evidence. Appellee argues that there need be no such evidence and that impaired earning capacity can be determined from the finding that appellee's degree of permanent partial disability was ten percent. We rejected this argument in *Johnson, supra.*

The burden is not upon the commission to disprove the existence of impairment of earning capacity. Rather, a claimant must show evidence of impairment and that such impairment is causally related to the claimant's industrial injury. See *Fox* v. *Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E. 2d 1.

Since the standard applied by the Industrial Commission in denying the claim for impairment of earning capacity complies with the law as set forth in *Johnson, supra,* and *Fox, supra,* we reverse the judgment of the court of appeals and deny appellee's complaint for a writ of mandamus.

*Judgment reversed.*

MOYER, C.J., HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. The matter before us is not, in my judgment, an application of the "some evidence" rule. It is purely a matter of statutory interpretation.

The version of R.C. 4123.57 in effect on the date of appellee's injury provided an absolute right to a claimant to elect benefits under either R.C. 4123.57(A) or (B) once a percentage of partial disability had been determined. See *State, ex rel. Johnson,* v. *Indus. Comm.* (1988), 40 Ohio St. 3d 384, 388, 533 N.E. 2d 775, 779 (Sweeney, J., dissenting). I dissent simply because I read the statute, then in existence, differently than does the majority.

SWEENEY and RESNICK, JJ., concur in the foregoing dissenting opinion.