THE STATE, EX REL. CLEVELAND BROWNS, INC., APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Cleveland Browns, Inc., *v.* Indus. Comm. (1990),
49 Ohio St. 3d 17.]

(No. 88-1692—Submitted November 7, 1989—Decided February 14, 1990.)

18

*Dinn, Hochman, King & Melamed,*
*Irwin J. Dinn* and *Michele C. Raia,* for
appellant.

*Anthony J. Celebrezze, Jr.,* attor-
ney general, *Michael Squillace* and
*James A. Barnes,* for appellee Indus-
trial Commission.

*Climaco, Climaco, Seminatore,*
*Lefkowitz & Garofoli Co., L.P.A.,* and
*Michael L. Climaco,* for appellee
Cockroft.

*Per Curiam.* In *State, ex rel.*
*Johnson,* v. *Indus. Comm.* (1988), 40
Ohio St. 3d 384, 533 N.E. 2d 775, we
held that partial disability compensa-
tion under R.C. 4123.57(A) must be
supported by proof of actual impaired
earning capacity. We find no such evi-
dence here.

In awarding compensation, the
commission relied solely on Dr. Gross'
report. Evidence relating exclusively
to the extent of a claimant's medical
impairment, however, is not "some
evidence" of actual impaired earning
capacity. The commission thus abused
its discretion in awarding compensa-
tion under R.C. 4123.57(A). *State, ex*
*rel. Burley,* v. *Coil Packing, Inc.*
(1987), 31 Ohio St. 3d 18, 31 OBR 70,
508 N.E. 2d 936. Accordingly, that
portion of the appellate court's deci-
sion vacating the commission's order is
affirmed.

We find it unnecessary, however,
to remand the cause to the commission
for further hearing. First, vacation of
the commission's order entails vaca-
tion of the fifteen-percent disability
figure as well. Moreover, the appellate
court's decision is based on the belief
that a *permanent* partial disability
determination must precede any elec-
tion. This premise, however, was sub-
sequently rejected in *Johnson, supra.*
Finally, the appellate court ordered a
remand because it found that a second
"election" hearing had not taken
place. This finding, however, conflicts
with its earlier statement that such an
"election" determination had oc-
curred.

Based on the foregoing, we affirm
that portion of the appellate court's
judgment which vacated the commis-
sion's order. We reverse that portion
remanding the cause for a second hear-
ing.

*Judgment affirmed in part*
*and reversed in part.*

MOYER, C.J., HOLMES, WRIGHT,
H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., dis-
sent.

DOUGLAS, J., dissenting. A majori-
ty of this court continues to rewrite
(rather than just follow the clear dic-
tates of) R.C. 4123.57. Because I con-
tinue to believe this to be improper, I
respectfully dissent.

SWEENEY, J., concurs in the fore-
going dissenting opinion.