THE STATE, EX REL. BITTINGER, APPELLANT, *v.*
NACCO MINING COMPANY ET AL., APPELLEES.

[Cite as State, ex rel. Bittinger, *v.* NACCO Mining Co. (1990), 49 Ohio St. 3d 30.]

(No. 88-1490—Submitted November 7, 1989—Decided February 14, 1990.)

*Larrimer & Larrimer* and *Craig Aalyson,* for appellant.

*Squire, Sanders & Dempsey* and *Preston J. Garvin,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael L. Squillace* and *Jenice R. Golson,* for appellee Industrial Commission.

MOYER, C.J. Two questions are before us: (1) whether permanent partial disability and impaired earning capacity are the same; and (2) whether the commission, in determining impaired earning capacity, must consider nonmedical disability factors. We answer both questions in the negative.

The first query was conclusively resolved in *State, ex rel. Johnson,* v. *Indus. Comm.* (1988), 40 Ohio St. 3d 384, 533 N.E. 2d 775. *Johnson* held that partial disability does not translate into an equivalent percentage of impaired earning capacity. Absent proof of *actual* impaired earning capacity, the presence of a partial disability does not entitle a claimant to compensation for impaired earning capacity under former R.C. 4123.57 (A).

As to the second issue, *Johnson* also explained that determination of impaired earning capacity entails two steps — an initial hearing to calculate partial disability and a second hearing to assess actual impaired earning capacity. We held that the partial disability phase must include "both medical and relevant nonmedical considerations such as age, education, work history, etc." *Id.* at 386, 533 N.E. 2d at 777.

Applying *Johnson* to the case at bar, the commission was not required to address nonmedical factors at the impaired-earning-capacity hearing on January 15, 1987. We further find it unnecessary to examine *Johnson* within the context of the October 16, 1986 permanent-partial-disability order. Since the record contains no evidence that reconsideration of that order was requested, it is not at issue.

Recognizing that our holding appears to conflict with a prior ruling in *State, ex rel. Bouchonville,* v. *Indus. Comm.* (1988), 36 Ohio St. 3d 50, 521 N.E. 2d 773, we take this opportunity to clarify that earlier decision. *Bouchonville* held that:

"It is necessary for the commission to review a claimant's age, education, work record, and all other factors contained in the record when determining the degree of impairment of earning capacity [*sic*]. * * * *Hence,* the original order of the district hearing officer is flawed because there is no in-

dication that all the relevant factors * * * were considered in determining the percentage of permanent partial disability." (Emphasis added.) *Id.* at 52, 521 N.E. 2d at 775.

Our present analysis reveals the inconsistency of that decision: after stating only that nonmedical factors must be considered at the second phase of the R.C. 4123.57(A) proceedings, the court in *Bouchonville* found that the commission erred by failing to consider them at the first proceeding. This inconsistency is best explained by the quoted paragraph's emphasized language which indicates that *Bouchonville* treated the terms "impairment of earning capacity" and "permanent partial disability" synonymously.

This conclusion is stated in *Johnson, supra,* which initially characterized parts of *Bouchonville's* language as "somewhat misleading," after having found that "permanent partial disability" and "impairment of earning capacity" were improperly interchanged. *Id.* at 386, 533 N.E. 2d at 777. Thus, except for this improper substitution of terms, *Bouchonville's* ultimate holding is actually consistent with *Johnson* in requiring that nonmedical factors be included at the first, *i.e.,* partial disability, phase of an R.C. 4123.57(A) determination. We thus hold that once the Industrial Commission has considered nonmedical disability factors in determining the percentage of partial disability, it is unnecessary to again consider those same factors in calculating the extent of impaired earning capacity.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

DOUGLAS, J., dissenting. The majority continues to rewrite former R.C. 4123.57 to reach its predetermined results. I continue to disagree with such procedure and, therefore, I dissent.

SWEENEY and RESNICK, JJ., concur in the foregoing dissenting opinion.