THE STATE, EX REL. ARIAS, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as State, ex rel. Arias, *v.* Indus. Comm. (1990), 49 Ohio St. 3d 76.]

(No. 89-648—Submitted November 7, 1989—Decided February 21, 1990.)

77

*Wagoner, Steinberg, Chinnis &*
*Dorf, Joan H. Rife* and *Michael D.*
*Dorf,* for appellee.

*Anthony J. Celebrezze, Jr.,* at-
torney general, *James A. Barnes* and
*Michael L. Squillace,* for appellant.

*Bugbee & Conkle, Gregory B. Den-*
*ny* and *Robert P. King,* for appellant
ITT Higbie Manufacturing Co.

SWEENEY, J. As cogently noted by
the referee in the court of appeals
below, in order for mandamus to issue,
the person requesting such an extraor-
dinary writ as a remedy from a deter-
mination of the Industrial Commission
must show he or she has a clear legal
right to such a remedy. See, *e.g., State,*
*ex rel. Westchester Estates, Inc.,* v.
*Bacon* (1980), 61 Ohio St. 2d 42, 15
O.O. 3d 53, 399 N.E. 2d 81, paragraph
one of the syllabus. It is also well-
settled that mandamus will not lie

where the record contains "some evidence" to support the finding of the commission. See, *e.g., State, ex rel. Lewis,* v. *Diamond Foundry Co.* (1987), 29 Ohio St. 3d 56, 29 OBR 438, 505 N.E. 2d 962. However, where there is no evidence upon which the commission could have based its factual conclusion, an abuse of discretion is present and a writ of mandamus becomes the appropriate remedy. *State, ex rel. Kramer,* v. *Indus. Comm.* (1979), 59 Ohio St. 2d 39, 42, 13 O.O. 3d 30, 31, 391 N.E. 2d 1015, 1017.

Once again, this court is called upon to review a case arising out of former R.C. 4123.57,[1] which was amended in 1986. In adopting the order of the district hearing officer, the commission denied R.C. 4123. 57(A) compensation to appellee based upon a finding that he had voluntarily retired and that his earning capacity had actually increased instead of being impaired. However, as noted by the appellate court below, the commission failed to acknowledge or elaborate upon what factors, under *State, ex rel. Stephenson,* v. *Indus. Comm.* (1987), 31 Ohio St. 3d 167, 31 OBR 369, 509 N.E.

2d 946, it considered in refusing to permit appellee's election of compensation under R.C. 4123.57(A). Moreover, in disallowing appellee's election for compensation for impairment of earning capacity, the commission relied upon *State, ex rel. Jones & Laughlin Steel Corp.,* v. *Indus Comm.* (1985), 29 Ohio App. 3d 145, 29 OBR 162, 504 N.E. 2d 451, for the proposition that retirement may be a basis for denying disability compensation where the claimant has voluntarily removed himself or herself from the work force.

In our view, however, the order of the commission constituted an abuse of discretion. The recent case of *State, ex rel. Rockwell Internatl.,* v. *Indus. Comm.* (1988), 40 Ohio St. 3d 44, 531 N.E. 2d 678, clearly provides that where a claimant's retirement is causally related to an industrial injury, the retirement cannot be held to be voluntary. In the cause *sub judice,* there is no evidence that the commission considered whether appellee's retirement was causally connected to his work-related injury. Moreover, there does appear to be "some evidence" proferred by appellee that his

---

[1] The version of R.C. 4123.57 in effect on the date of appellee's injury provided in relevant part:

"Partial disability compensation shall be paid as follows, provided, that an employee may elect as between divisions (A) and (B) of this section as to the manner of receiving the compensation set forth in this section:

"(A) In case of injury or occupational disease resulting in partial disability other than those exclusively provided for under division (C) of this section, the employee shall receive per week sixty-six and two-thirds per cent of the impairment of his earning capacity which results from the injury or occupational disease during the continuance thereof, not to exceed a maximum amount of weekly compensation which is

equal to the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, but not in a greater sum in the aggregate than seventeen thousand five hundred dollars.

"* * *

"(B) The district hearing officer, upon such application [by the employee for permanent partial disability compensation] shall determine the percentage of the employee's permanent disability, except such as is subject to division (C) of this section, based upon that condition of the employee resulting from the injury or occupational disease and causing permanent impairment evidenced by medical or clinical findings reasonably demonstrable. * * *" 138 Ohio Laws, Part I, 1727, 1733.

retirement may have been causally connected to his work injuries. Under such circumstances, we find that the "voluntary retirement" basis of the commission's denial of appellee's election was not only erroneous, but amounted to an abuse of discretion on the part of the commission.

The other ground relied upon by the commission in denying appellee's election under R.C. 4123.57 was its conclusion that appellee enjoyed an actual increased earning capacity. Since the commission did not state the basis of this conclusion, this court can only surmise the reasons behind it. In failing to take into account the factors delineated in *Stephenson, supra,* the commission's order amounted to an abuse of discretion in this vein as well. The mere fact that appellee experienced an increase in wages would not necessarily mean he also experienced increased earning capacity. As this court noted in *State, ex rel. Bouchonville,* v. *Indus. Comm.* (1988), 36 Ohio St. 3d 50, 51, 521 N.E. 2d 773, 774:

"The fact that a claimant experiences an increase or decrease in earnings has no essential relationship to earning capacity. It is not a question of actual earnings, but of impairment of earning capacity. *Indus Comm.* v. *Royer* (1930), 122 Ohio St. 271, 8 Ohio Law Abs. 257, 171 N.E. 337.

"Moreover, '[w]hile decreased or increased wages may be considered in conjunction with other evidence in order to determine the existence or absence of impairment in earning capacity, evidence of actual earnings by itself is not determinative of the issue.' *State, ex rel. Stanek,* v. *Indus. Comm.* (1982), 4 Ohio App. 3d 63, 4 OBR 113, 446 N.E. 2d 489, syllabus.

See, also, Young, Workmen's Compensation Law of Ohio (2 Ed. 1971) 135, Section 7.14. * * *"[2]

While the commission may have rested its finding of an increase in appellee's earning capacity on factors other than increased wages, such other factors are not indicated in its order denying appellee's election under R.C. 4123.57(A). Moreover, there does appear to be some evidence in the record to support a conclusion that appellee did in fact suffer an impairment of earning capacity, in part as a result of his work-related disability. As pointed out in appellee's brief before this court, appellee's relatively advanced age and limited command of the English language, in combination with his injuries, seem to have made him less marketable in the work force than he was prior to his work-related injuries. Appellee's work while at ITT was primarily of an unskilled nature. In addition, there are physician reports in the record which indicate that appellee would be unable to return to his position as a furnace feeder unless restricted, because of the lifting and pulling movements required to accomplish the demands of such a position. While the foregoing brief examination of some of the *Stephenson* factors apparent in this case is not intended to necessarily direct the commission to find in favor of appellee's election, we simply engage in this analysis in order to illustrate the type of thorough analysis of *Stephenson* factors that is required in determining the worthiness of a compensation claim sought under R.C. 4123.57(A).

Lastly, the appellants assail the court of appeals' decision in part because of its reliance on *Bouchonville,*

---

[2] Although *Bouchonville* was partially overruled in *State, ex rel. Johnson,* v. *Indus. Comm.* (1988), 40 Ohio St. 3d 384, 533 N.E. 2d 775, the language quoted here was unaffected, as is evidenced by its use in *Johnson* at 387, 533 N.E. 2d at 778.

supra, which was partially overruled by this court in *State, ex rel. Johnson, v. Indus. Comm.* (1988), 40 Ohio St. 3d 384, 533 N.E. 2d 775. It is appellants' contention that the appellate court decision conflicts with the decision rendered in *Johnson* as well as the decision in *State, ex rel. Apgar,* v. *Indus. Comm.* (1989), 42 Ohio St. 3d 5, 535 N.E. 2d 1364.

While some members of the present majority in the instant cause do not subscribe to the interpretation of former R.C. 4123.57(A) arrived at in either *Johnson* or *Apgar, supra,* a careful review of those decisions reveals that the essential holdings rendered therein are largely irrelevant to the main issue involved in the cause *sub judice.* In point of fact, it is apparent that both *Johnson* and *Apgar* support the decision rendered by the court of appeals below, based on this court's reaffirmation of the *Stephenson* factors as necessary components in the determination of whether a disability has occurred in a particular claim. The *Johnson* majority's partial overruling of *Bouchonville, supra,* was more in the form of a clarification of that decision to explain that an election made under former R.C. 4123.57(A) would require presentation of proof of actual impairment of earning capacity by the claimant, rather than permitting compensation based solely upon the percentage determination of partial disability.

In any event, since the order of the commission was erroneous as a matter of law for the reasons stated above, and since it appears that the commission did not consider the *Stephenson* factors in denying appellee's right to elect his form of compensation under former R.C. 4123.57(A), we hold that the court of appeals was correct in issuing a limited writ of mandamus ordering the commission to consider the *Stephenson* factors and issue a new order incorporating such analysis.

Accordingly, the judgment of the court of appeals granting the limited writ of mandamus is affirmed, thereby directing the Industrial Commission to fully consider the factors enunciated in *Stephenson, supra,* with respect to appellee's election under former R.C. 4123.57(A).

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.