THE STATE, EX REL. WHITE, APPELLEE, *v.* U.S. GYPSUM COMPANY, APPELLANT.

[Cite as State, ex rel. White, *v.* U.S. Gypsum Co. (1990), 49 Ohio St. 3d 134.]

(No. 88-1952 — Submitted January 9, 1990 — Decided February 28, 1990.)

ALICE ROBIE RESNICK, J. For this court to issue a writ of mandamus, the relator must demonstrate that he has a clear legal right to the relief sought, and that the Industrial Commission has a clear legal duty to provide such relief. See *State, ex rel. Rouch,* v. *Eagle Tool & Machine Co.* (1986), 26 Ohio St. 3d 197, 198, 26 OBR 289, 290, 498 N.E. 2d 464, 466; *State, ex rel. Elliott,* v. *Indus. Comm.* (1986), 26 Ohio St. 3d 76, 26 OBR 66, 497 N.E. 2d 70; *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631. In order to establish that a clear legal right to relief exists, the relator must show that the commission abused its discretion. See *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9, 58 O.O. 2d 66, 278 N.E. 2d 34. It is well-established that where there is some evidence to support the commission's decision, this court will not disturb the commission's findings. *State, ex rel. Fiber-Lite Corp.,* v. *Indus. Comm.* (1988), 36 Ohio St. 3d 202, 204, 522 N.E. 2d 548, 550. However, where there is no evidence upon which the commission could have based its decision, an abuse of discretion is present and mandamus is appropriate. See *State, ex rel. Kramer,* v. *Indus. Comm.* (1979), 59 Ohio St. 2d 39, 42, 13 O.O. 3d 30, 31, 391 N.E. 2d 1015, 1017.

In addition, this court in *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 483, 6 OBR 531, 533, 453 N.E. 2d 721, 724, stated that a writ of mandamus is appropriate in order to direct the commission to specify the basis of its decision. District hearing officers, regional boards of review, as well as the Industrial Commission, all ''must specifically state which evidence and only that evidence which has been relied upon to reach [its] conclusion,

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Barry Laine* and *Ronald E. Slipski,* for appellee.

*Vorys, Sater, Seymour & Pease, Robin R. Obetz* and *Elizabeth T. Smith,* for appellant.

and a brief explanation stating why the claimant is or is not entitled to the benefits requested. * * * [T]his court will no longer search the commission's file for 'some evidence' to support an order of the commission not otherwise specified as a basis for its decision." *Id.* at 483-484, 6 OBR at 534, 453 N.E. 2d at 724.

In the case before us, the commission denied appellee's claim for compensation for loss of the use of his right leg. The commission stated that "[t]he Staff Hearing Officers find that neither the report of Dr. Dominic nor the report of Dr. Masternick demonstrate [*sic*] findings showing that the claimant has actually lost the use of his right leg."

In his August 7, 1985 report, Dr. Masternick stated that: "In my opinion, the patient has total loss of use of his right leg and needs a brace and walking aid to ambulate. The injury also in my opinion, is [a] direct result of the industrial injury which the patient suffered in 1983 when a large steel coil fell onto the right leg."

Dr. Dominic, appointed by the commission to examine appellee, stated in his November 18, 1985 report, that appellee "has difficulty walking because of the loss of movement of the ankle and knee. He cannot run, jump, nor stand for any great lengths of time." Dr. Dominic opined that "the claimant has under Para 'C' a total loss of the right leg."

As we stated in *State, ex rel. Walker,* v. *Indus. Comm.* (1979), 58 Ohio St. 2d 402, 12 O.O. 3d 347, 390 N.E. 2d 1190, in order to receive compensation under R.C. 4123.57(C) a claimant need not demonstrate that his or her leg has been severed. "The permanent impairment of a member without severance generally entitles the injured employee to an award and is regarded as being the same as loss by severance. See *Nolan* v. *Ernest Const. Co.* (1942), 243 Ala. 460, 10 So. 2d 547; *Dombrozzi* v. *E. Gross & Co.* (1931), 112 Conn. 627, 153 A. 780; *Stanley* v. *United Iron Works Co.* (1945), 160 Kan 243, 160 P. 2d 708; *Clark* v. *Kennebec Journal Co.* (1921), 120 Me. 133, 113 A. 51; *Morley's Case* (1951), 328 Mass. 148, 102 N.E. 2d 493; *Kiczko* v. *Baylis Co.* (1942), 20 N.J. Misc. 323, 27 A. 2d 14; *McClelland* v. *Baltimore & Ohio Ry. Co.* (1939), 137 Pa. Super. 158, 8 A. 2d 498; *Steele* v. *Darlington Fabrics Corp.* (1951), 78 R.I. 272, 81 A. 2d 424; and *Virginia Oak Flooring Co.* v. *Chrisley* (1954), 195 Va. 850, 80 S.E. 2d 537." *Id.* at 404, 12 O.O. 3d at 348, 390 N.E. 2d at 1192.

The commission, of course, has broad discretion in determining factual matters, such as whether the evidence before it sustains a claimant's request for compensation for loss of use of a leg. Unless shown to be otherwise, the commission's actions are presumed to be valid and performed in good faith and judgment. See *State, ex rel. Stephenson,* v. *Indus. Comm.* (1987), 31 Ohio St. 3d 167, 170, 31 OBR 369, 372, 509 N.E. 2d 946, 949. However, although its decisions have the presumption of validity, when the commission does not indicate what factors it relied upon to reach its conclusion, an abuse of discretion exists. See *Mitchell, supra.* Cf. *Stephenson, supra;* and *State, ex rel. Arias,* v. *Indus. Comm.* (1990), 49 Ohio St. 3d 76, 551 N.E. 2d 135.

In the instant case, the commission did not indicate what factors it found persuasive in either the report of Dr. Masternick or Dr. Dominic to support its determination that appellee had not lost the use of his right leg. The commission need not have necessarily followed the ultimate conclusions given by either doctor. See *State, ex rel. Teece,* v. *Indus. Comm.* (1961), 68 Ohio

St 2d 165, 22 O.O. 3d 400, 429 N.E. 2d 433. But in this case we are given no explanation as to what evidence it relied upon in reaching its ultimate decision.

We therefore remand this cause to the commission for it to determine, upon review of the entire record before it, whether appellee's claim for compensation for loss of use of his right leg is warranted. The commission has total discretion in such matters and may, if necessary, appoint additional doctors to assist it in determining whether appellee may receive compensation pursuant to R.C. 4123.57(C). However, the commission must state the reason for its decision and the evidence relied upon in reaching its decision.

The judgment of the court of appeals is affirmed and this cause is remanded to the Industrial Commission.

*Judgment affirmed
and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.