THE STATE, EX REL. LORAL SYSTEMS GROUP, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Loral Systems Group, Inc., *v.* Indus. Comm. (1991), 59 Ohio St. 3d 112.]

(No. 89-1050—Submitted November 13, 1990—Decided May 1, 1991.)

*Buckingham, Doolittle & Burroughs* and *Deborah Sesek,* for appellant.

*Ben Sheerer Co., L.P.A.,* and *Paula Goodwin,* for appellee Rodgers.

*Per Curiam.* An award under former R.C. 4123.57(A) requires not only "some evidence" of actual impaired earning capacity, but also "some evidence" causally relating the impairment to the allowed conditions. *State, ex rel. Apgar,* v. *Indus. Comm.* (1989), 42 Ohio St. 3d 5, 535 N.E. 2d 1364. The latter element is missing here.

Claimant has submitted no evidence showing that her lack of wages is due to the twenty-five percent impairment noted by Dr. Rosen. We will not speculate as to whether her lack of earnings is attributable to the allowed conditions or is due to, for example, a voluntary decision not to work for reasons unrelated to her injury. Absent proof of causal relationship, claimant is not entitled to an award for impaired earning capacity.

We further conclude that the appellate court erred in returning the cause to the commission for an amended order identifying the nonmedical disability factors relied on in determining the percentage of permanent partial disability. Two relevant orders were issued here. Claimant's percentage of permanent partial disability was determined in the first, not the second, commission order, and this first order was not administratively appealed. Accordingly, the first order is not at issue.

For the reasons set forth above, the judgment of the court of appeals is reversed, and the writ of mandamus is allowed.

*Judgment reversed
and writ allowed.*

MOYER, C.J., HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

DOUGLAS, J., dissenting. I dissented in *State, ex rel. Bittinger,* v. *NACCO Mining Co.* (1990), 49 Ohio St. 3d 30, 550 N.E. 2d 172; *State, ex rel. Apgar,* v. *Indus. Comm.* (1989), 42 Ohio St. 3d 5, 535 N.E. 2d 1364; and *State, ex rel. Johnson,* v. *Indus. Comm.* (1988), 40 Ohio St. 3d 384, 533 N.E. 2d 775. I also dissent from today's majority opinion. I write separately for the

purpose of making the following observations.

The statute applicable in the case at bar is *former* R.C. 4123.57 (see Am. Sub. H.B. No. 138, 138 Ohio Laws, Part I, 1727, 1733), which was substantially amended in 1986. See Am. Sub. S.B. No. 307, 141 Ohio Laws, Part I, 718, 767. Neither the 1986 version nor the current version of R.C. 4123.57 refers to "impairment of * * * earning capacity." Thus, the issues concerning impairment of earning capacity which are addressed by the majority in the case now before us (and which have been addressed in *Bittinger, Apgar* and *Johnson*) are inapplicable with respect to permanent partial disability claims governed by either of the two most recent versions of R.C. 4123.57.

Further, today's majority concludes that the court of appeals erred in directing the commission to identify which nonmedical disability factors the commission considered in determining the percentage of Rodgers's permanent partial disability. I do not agree.

It would seem clear that the court of appeals is simply saying that the *original* finding of permanent partial disability was improperly made by the commission because the commission did not consider (or at least did not indicate or explain that it had considered) nonmedical factors. Therefore, the limited writ ordered by the court of appeals (directing the commission to identify which nonmedical factors it considered in determining Rodgers's permanent partial disability of twenty-five percent) was perfectly proper and in accordance with what this court stated in *Johnson, supra,* at 386, 533 N.E. 2d at 777, and, in a general way, in *State, ex rel. Noll,* v. *Indus. Comm.* (1991), 57 Ohio St. 3d 203, 567 N.E. 2d 245, even though, admittedly, *Noll* is a permanent *total* disability case as is, incidentally, *State, ex rel. Stephenson,* v. *Indus. Comm.* (1987), 31 Ohio St. 3d 167, 31 OBR 369, 509 N.E. 2d 946.

In *Stephenson*, we determined that the nonmedical disability factors set forth therein are relevant to the determination of whether realistically a claimant can return to any sustained remunerative employment. *Id.* at 172-173, 31 OBR at 374, 509 N.E. 2d at 951. See, also, *Noll, supra* (Douglas, J., concurring). In cases involving permanent *partial* disability, the issue is *not* whether the claimant can return to work. Hence, the continued citation to *Stephenson* as authority for the proposition that the commission must consider nonmedical disability factors in determining the degree of *partial* disability is inaccurate. While this court has recognized that the "*Stephenson* factors" must be considered by the commission in determining the percentage of permanent partial disability (*Johnson, supra*), our decision in *Stephenson* does not support that proposition.

SWEENEY and RESNICK, JJ., concur in the foregoing dissenting opinion.