[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 664.]

THE STATE EX REL. JABBAR, APPELLANT, *v.* LTV STEEL COMPANY ET AL.,
APPELLEES.

[Cite as *State ex rel. Jabbar v. LTV Steel Co.*, 1994-Ohio-94.]

*Workers' compensation—Application for permanent partial disability
compensation—Election to receive compensation under former R.C.
4123.57(A)—Industrial Commission does not abuse its discretion in
denying claim for impaired earning capacity, when.*

(No. 93-1625—Submitted August 31, 1994—Decided November 9, 1994.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-116.

———————————

{¶ 1} Appellant-claimant, Dorothy Jabbar, sustained several injuries in the
course of and arising from her employment with appellee LTV Steel Company, her
self-insured employer. They include claim No. 868581-22, allowed for "contusion
right elbow and wrist with tennis elbow," and No. 685604-22, a left wrist injury.

{¶ 2} In 1987, claimant moved appellee Industrial Commission for a
determination of her partial disability in the two claims. At her February 10, 1989
hearing, claimant submitted a form indicating that she desired any award made to
be paid as compensation for impaired earning capacity under former R.C.
4123.57(A). Claimant submitted no other evidence at the hearing.

{¶ 3} A district hearing officer found eight-percent and five-percent partial
disabilities in claim No. 868581-22 and claim No. 685604-22, respectively. The
orders both stated:

{¶ 4} "* * * *Election filed under Paragraph A: Employer is ordered to pay
this award*. The medical report(s) of Dr(s): Dominic & Rioux [in claim No. 86851-
22; 'Kravic & Dominic' in claim No. 685604-22] were reviewed, evaluated, and
compared. The findings and order are based particularly on the medical reports of

Dr(s): [omission sic] and a consideration of the claimant's age, education, work history, and other disability factors including physical, psychological and sociological, that are listed within the pending application, the evidence on record, the evidence adduced at the hearing, and any new changed conditions." (Emphasis added.)

**{¶ 5}** No reconsideration was sought.

**{¶ 6}** Claimant thereafter submitted C94A wage statements, which stated:

"PLEASE PAY MY WAGE IMPAIRMENT FROM 4-26-85 to present per paragraph 'A' election. I have not worked during this period."

**{¶ 7}** A C94A affidavit executed on April 16, 1990 stated:

"I, Dorothy Jabbar, believe I have an impairment of earning capacity in my claim. I have pain and limitations due to my injury. I am age 43. I have only a high school education. I worked at L.T.V. 13 years. Previously I worked a short time as a bar maid. I have had no other jobs. I have not worked since 1985."

**{¶ 8}** On April 12, 1989, LTV informed claimant that it would not pay impaired earning capacity compensation, since "there is insufficient evidence of an impaired earnings capacity." Claimant moved to compel "the employer to comply with Industrial Commission order of 3-24-89 to pay claimant's wage impairment. As the employer did not appeal the decision, it is now res judicata."

**{¶ 9}** The commission ultimately denied impaired earning capacity compensation, writing:

"The Hearing Officers find that Claimant has failed to meet her burden of proving that she has any impairment of earning capacity due to the injury in this claim. In making this finding, the Hearing Officers have taken into consideration: Claimant's affidavit dated 4/16/90, the arguments of both parties at this hearing, and the permanent partial disability hearing order of 2/10/89. The Hearing Officers find that the evidence presented by the Claimant was not persuasive."

**{¶ 10}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming that the commission had abused its discretion in denying impaired earning capacity. Claimant argued that the February 10, 1989 orders compelled payment and were not administratively challenged. The appellate court disagreed with claimant's interpretation of the orders and denied the writ.

**{¶ 11}** This cause is now before this court upon an appeal as of right.

_____

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A.*, *Ronald E. Slipski* and *Steven L. Paulson*, for appellant.

*Manchester, Bennett, Powers & Ullman* and *C. Scott Lanz*, for appellee LTV Steel Company.

*Lee Fisher*, Attorney General, and *Gloria P. Castrodale*, Assistant Attorney General, for appellee Industrial Commission.

_____

***Per Curiam.***

**{¶ 12}** A determination of impaired earning capacity entails two steps -- assessment of permanent medical impairment and determination of actual impaired earning capacity. *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 384, 533 N.E.2d 775. *Johnson* does not require that these inquiries be addressed in separate hearings.

**{¶ 13}** The ambiguous and uncontested February 10, 1989 district hearing officer orders do not clearly establish the extent of inquiry conducted at that hearing. In writing "Election filed under paragraph A: employer is ordered to pay this award," the district hearing officer may have (1) made an affirmative adjudication on the merits of both elements of impaired earning capacity or (2) merely acknowledged claimant's election, making payment contingent on the proof of actual impaired earning capacity that claimant's election demands. We are

persuaded that the latter more accurately reflects the commission's action for three reasons.

{¶ 14} First, had the orders indeed affirmatively adjudicated the issue of impaired earning capacity, they would have been required to designate the degree, not of permanent partial disability, but of impaired earning capacity. That designation was lacking from the orders.

{¶ 15} Second, had an impairment been found, the order would necessarily have specified the date on which the impairment was found to have commenced. This, too, is absent.

{¶ 16} Finally, the *only* evidence before the district hearing officer on February 10, 1989 was the medical reports of Doctors Dominic, Kravec and Rioux. Claimant's representation that she presented her affidavit attesting to her wage loss at the hearing is incorrect. The affidavit alluded to was not prepared until April 16, 1990 -- fourteen months after her hearing. Similarly, all of the C94A wage statements of record postdate the initial district hearing.

{¶ 17} Thus, any impaired earning capacity award based on the February 1989 hearing could only be the result of disregard of our mandate in *Johnson*—that proof of *actual* impaired earning capacity also be presented. Given the presumption of regularity that attaches to commission proceedings, we decline to interpret the commission's actions as such, where there is a valid alternative interpretation of the order that does not offend *Johnson*.

{¶ 18} Claimant responds that a lack of evidence notwithstanding, the commission and LTV are bound by the February 10, 1989 orders, since reconsideration was never sought. This argument, however, ignores that LTV had no reason to seek reconsideration, since the R.C. 4123.57(A) language was simply an acknowledgement that an election had been made and not a payment command.

{¶ 19} Claimant alternatively asserts a right to a hearing on the question of actual impaired earning capacity. We, however, like the appellate court before us,

4

find that claimant's second round of hearings was an impaired earning capacity merit hearing. That these hearings were generated by claimant's motion to compel compliance with previous orders rather than a motion expressly seeking "determination of actual impaired earning capacity" is not dispositive. Claimant had a full opportunity to present all evidence in her favor and was denied no right by the commission's decision to construe her motion as it did.

{¶ 20} Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____