THE STATE, EX REL. HOWARD, APPELLANT, *v.*
WHITE-WESTINGHOUSE, INC. ET AL., APPELLEES.

[Cite as State, ex rel. Howard, *v.* White-Westinghouse, Inc. (1990), 53 Ohio St. 3d 131.]

(No. 89-300—Submitted May 29, 1990—Decided August 22, 1990.)

*Jack L. Johnson,* for appellant.

*Squire, Sanders & Dempsey, Michael J. Hickey, Helen Mac Murray* and *Preston J. Garvin,* for appellee White Westinghouse, Inc.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Gerald H. Waterman,* for appellees Industrial Commission and Bureau of Workers' Compensation.

*Per Curiam.* A claimant has the burden of establishing, by proof of actual impaired earning capacity, an entitlement to R.C. 4123.57(A) compensation. *State, ex rel. Johnson,* v. *Indus. Comm.* (1988), 40 Ohio St. 3d 384, 533 N.E. 2d 775, syllabus; *State, ex rel. Apgar,* v. *Indus. Comm.* (1989), 42 Ohio St. 3d 5, 535 N.E. 2d 1364. Appellant submitted no such evidence here, claiming that such proof is unnecessary since the ten-percent permanent partial disability determination entitles her as of right to compensation for impaired earning capacity, the amount of which is to be computed using the ten-percent figure. However, because this proposition was conclusively rejected in *Johnson,* appellant's argument fails.

Appellant also asserts that the

commission had no jurisdiction to consider the employer's motion for a hearing on impaired earning capacity since no application for reconsideration had been filed. This argument, too, fails. Former R.C. 4123.57(B) provided in part that the commission cannot modify a permanent partial disability percentage absent a timely reconsideration request. Westinghouse, however, did not seek modification of the ten-percent figure; it requested a hearing to determine impaired earning capacity. A determination under former R.C. 4123.57(A) entails two steps — an initial determination of the percentage of partial disability, followed by a hearing to determine *actual* impaired earning capacity. *State, ex rel. Bittinger*, v. *NACCO Mining Co.* (1990), 49 Ohio St. 3d 30, 31, 550 N.E. 2d 172, 173. A motion for reconsideration under former R.C. 4123.57(B) goes to the first step; Westinghouse's motion for a hearing to determine impairment of earning capacity went to the second.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., concur separately.

DOUGLAS, J., concurring. On the basis of *stare decisis*, I concur.

SWEENEY, J., concurs in the foregoing concurring opinion.