DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Forest B. Lindsay, Sr., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying his application seeking a closed period of temporary total disability ("TTD") compensation from October 8, 2001 through September 19, 2002, and to enter an order finding that relator is entitled to that period of compensation.
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) Relator has filed objections to the magistrate's decision.
 {¶ 3} Relator first argues that the magistrate erred in finding the commission could properly rely upon Dr. Michael R. Viau opinions in his December 7, 2001 C-84 and October 12, 2001 office notes, in which he indicated that relator was suffering from non-allowed cervical conditions. Relator contends that these opinions were later clarified by Dr. Viau's September 9, 2002 C-84 and October 9, 2002 narrative report. In Dr. Viau's September 9, 2002 C-84, he stated that the allowed condition of "aggravation of pre-existing degenerative disc disease" of the lumbar region rendered relator TTD for the period in question. In his October 9, 2002 narrative report, Dr. Viau stated that relator's degenerative disc disease and spinal stenosis were aggravated by the industrial injury and resulted in the need for surgery, and there were both subjective and objective findings that demonstrated disability. Relator maintains that the commission's rejection of Dr. Viau's September 9, 2002 C-84 and October 9, 2002 report was improper under State ex rel.Eberhardt v. Flxible Corp. (1994), 70 Ohio St.3d 649, in which the court found in paragraph two of the syllabus: "[w]here a physician renders an ambiguous opinion regarding a claimant's medical condition but thereafter clarifies the ambiguity, the Industrial Commission may not revive the ambiguity as a basis for rejecting the physician's opinion."
 {¶ 4} We disagree with relator's contention and find Eberhardt
inapplicable. This was not a case in which Dr. Viau "clarified" a prior ambiguous opinion. Ambiguous statements occur when a doctor fails to effectively convey what he meant. Id. at 657. Such statements do not relate to the doctor's position but to his communication skills. Id. Here, the December 7, 2001 C-84 and the October 12, 2001 office notes clearly expressed that relator was suffering from non-allowed cervical conditions and failed to indicate that relator was disabled during the period in question due to allowed conditions. There was no ambiguity that needed subsequent clarification. Thus, Eberhardt did not demand that the December 7, 2001 C-84 and October 12, 2001 office notes be disregarded. Therefore, the September 9, 2002 C-84 and October 9, 2002 report served not as clarifications but as newly submitted evidence, which the commission could have properly deemed unpersuasive to demonstrate TTD for the period in question. Finding the September 9, 2002 C-84 and October 9, 2002 report unpersuasive, the commission had some evidence in the form of the remaining documentation, including the December 7, 2001 C-84 and October 12, 2001 report, to find that relator had not demonstrated TTD for the period at issue as a result of the allowed conditions. For these reasons, this objection is without merit.
 {¶ 5} Relator next argues that the magistrate erred in not addressing his argument that the commission failed to consider all the evidence before it. Relator contends that the commission's failure to mention the September 9, 2002 C-84 and October 9, 2002 report demonstrates that it failed to consider them. We disagree. The commission is required to identify only the evidence on which it relied and has no duty to mention any other evidence or explain why it rejected the other evidence. See, e.g., State ex rel. Bell v. Indus. Comm. (1995), 72 Ohio St.3d 575; Stateex rel. Lovell v. Indus. Comm. (1996), 74 Ohio St.3d 250. Because the commission did not rely upon these two pieces of evidence in the present case, it was not required to list them in its order. This is also not a case in which the commission's order clearly indicates that the evidence was overlooked. See State ex rel. Fultz v. Indus. Comm. (1994),69 Ohio St.3d 327 (when an order clearly indicates that evidence pivotal to a party's success or failure has been overlooked, the cause must be returned to the commission). Therefore, this objection is without merit.
 {¶ 6} After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections and find that the magistrate sufficiently discussed and determined the issues raised. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it, and deny relator's request for a writ of mandamus.
Objections overruled; writ denied.
Lazarus and Klatt, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Forrest B. Lindsay, Sr., :
 Relator, :
v. : No. 04AP-441
Industrial Commission of Ohio and : (REGULAR CALENDAR)
Shambaugh Son, Incorporated, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on October 25, 2004 Heinzerling Goodman, LLC, and Jonathan H. Goodman; Donaldson LawOffices, L.P.A., and John D. Donaldson, for relator.
Jim Petro, Attorney General, and Paul H. Tonks, for respondent Industrial Commission of Ohio.
Kegler, Brown, Hill Ritter, David M. McCarty, Randall W. Mikes andPatsy A. Thomas, for respondent Shambaugh Son, Inc.
 IN MANDAMUS {¶ 7} Relator, Forest B. Lindsay, Sr., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application seeking a closed period of temporary total disability ("TTD") compensation from October 8, 2001 through September 19, 2002, and ordering the commission to find that relator is entitled to that period of compensation.
Findings of Fact:
 {¶ 8} 1. Relator sustained a work-related injury on July 20, 2000, and his claim was originally allowed for "sprain lumbar region."
 {¶ 9} 2. On February 22, 2001, relator filed a motion requesting that his claim be additionally allowed for a neck injury.
 {¶ 10} 3. The matter was heard before a district hearing officer ("DHO") on May 24, 2001, and resulted in an order denying the motion after finding that there was no medical evidence in the record to support relator's assertion that he hurt his neck on July 20, 2001. No party appealed this order.
 {¶ 11} 4. On November 2, 2001, relator filed a motion requesting this claim be additionally allowed for the conditions of degenerative disc disease and spinal stenosis. At the same time, relator requested TTD compensation from October 8, 2001 on. Relator's treating physician, Dr. Michael R. Viau, listed lumbar sprain/strain as the disabling condition; however, he provided the following clinical findings as the basis for his recommendations:
Cervical MRI does show again multiple levels of disease particularly affecting C3, 4, 4, 5 and 5, 6 levels with various levels of foraminal narrowing. Continues to be symptomatic with pain.
 {¶ 12} 5. A physician review was prepared by Dr. Jeannette P. Spreng, dated December 18, 2001. Dr. Spreng reviewed relator's evidence in support of his motion for TTD compensation and opined that Dr. Viau's office notes revealed that relator's main complaint is in regards to his neck; however, relator's request for an additional allowance for neck injury was denied because relator had no history of a neck injury at the time of the original incident.
 {¶ 13} 6. Relator's motions were heard before a district hearing officer ("DHO") on January 14, 2002. The DHO specifically disallowed relator's claim for degenerative disc disease and spinal stenosis, and further denied the request for TTD compensation as follows:
District Hearing Officer finds that the claimant has not proven that he was temporarily and totally disabled beginning 10/08/2001 due to the allowed condition, lumbar sprain/strain. Section 10 on the clinical findings on the C-84 (12/07/2001) and office records of Dr. Viau note that claimant is suffering from cervical and left arm symptoms. In particular, the 10/12/2001 office note states that claimant's main complaints are in regards to his neck with radiation down his left arm. It is further noted that claimant had been working until 8/31/2001, at which time he was laid off. Dr. Viau also notes the MRI findings of the cervical spine in these records.
The denial of temporary total compensation is based on the review of Dr. Spreng (12/18/2001), as well as the above-cited reasons.
 {¶ 14} 7. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on February 19, 2002. The SHO affirmed the prior DHO order in its entirety, again denying the requested period of TTD compensation for the following reasons:
Temporary total compensation remains denied as requested, based on the report of Dr. Spreng (12/18/2001), and the fact that the office notes of Dr. Viau indicate that the claimant's main problem at this time relates to a cervical, as opposed to a low back condition.
 {¶ 15} 8. Relator's further appeal was refused by order of the commission mailed March 6, 2002.
 {¶ 16} 9. Thereafter, relator filed a motion requesting that his claim be additionally allowed for aggravation of pre-existing degenerative disc disease and aggravation of pre-existing spinal stenosis. Relator supported this application with the February 25, 2002 report of his treating physician, Dr. Viau, who opined as follows:
My initial impression was that of chronic back pain with leg pain radiating in a typical S1 dermatome suggestive of a herniated disc, however a subsequent MRI showed several levels of degenerative disc disease as well as spinal stenosis at 4, 5 with foraminal narrowing as well. He's been treated conservatively with epidural injections, Celebrex and physical therapy and has been up and down in regards to his back and right lower extremity complaints. He was last seen on 1/16/02 after an epidural injection on 1/3/02 and was given the option of surgical intervention if his symptoms were not improving.
My impression is that the degenerative changes as noted on MRI were preexisting. Furthermore, my understanding is in regards to his lower back condition that he was not having significant symptoms prior to the episode of 7/20/00 and for that reason the degenerative disc disease and spinal stenosis I feel was aggravated but not caused by this episode.
 {¶ 17} 10. Thereafter, a physician review was completed by Dr. Timothy Plank, who opined that relator's request seeking the additional allowances was supported by the medical evidence and finding that the medical evidence supports the diagnosis of degenerative disc disease and spinal stenosis, which conditions pre-existed relator's injury. Dr. Plank concluded that those conditions were aggravated by the work-related injury of July 20, 2000. Relator's motion to have his claim additionally allowed for another period of TTD compensation was heard before a DHO on May 8, 2002, and resulted in an order additionally allowing relator's claim for "`aggravation of pre-existing degenerative disc disease of the lumbar region and aggravation of pre-existing spinal stenosis.'" However, the DHO specifically denied relator's request for TTD compensation for the following reasons:
The District Hearing Officer further notes that the claimant has presently not submitted any evidence of temporary total disability compensation, thereby supporting disability based on the newly allowed conditions in this claim.
 {¶ 18} 11. Another physician's review was performed by Dr. Sushil M. Sethi, dated July 12, 2002. Dr. Sethi opined as follows regarding relator's continued request for TTD compensation:
Dr. Michael Viau's request for C84 does not describe any physical findings for the necessity of temporary total disability. On 05-15-2002 he says the claimant has been allowed the diagnosis of aggravation of degenerative disc disease and stenosis. He suggested to him he could have 50-70% improvement with surgery but there was no guarantee. He doubted he would be any worse but certainly he could not give him any guarantee of the outcome. He did have a degenerative disease according to the doctor and recommended laminectomy and fusion of L3 to S1. It is not clear if the claimant had any surgical intervention as no such documentation is noted.
The doctor has not described any neuromuscular deficit or restriction of range of motion and the medical records do not substantiate any necessity of temporary total disability from 10-08-2001 to estimated return to work on 05-20-2002.
* * *
On the basis of a thorough review of the medical records as well as previous reviews of different physicians, it is my medical opinion that the medical records do not substantiate the necessity of temporary total disability from 10-08-2001 to estimated return to work of 05-20-2002. The claimant appears to have some subjective symptoms which are not documented with any physical findings and there has been no evidence of a neuromuscular deficit. Such a period of disability appears to be inappropriate and not related to the two-year-old injury.
 {¶ 19} 12. Relator's May 15, 2002 request for TTD compensation was heard before a DHO on August 14, 2002, and was denied as follows:
The District Hearing Officer orders that temporary total disability compensation is specifically denied for the requested period from 10/08/2001 through 5/20/2002.
The District Hearing Officer finds that the injured worker failed to sustain his burden of proving that he was rendered temporarily, totally disabled due to the allowed conditions of this 7/20/2000 workplace injury claim for the above noted period.
The District Hearing Officer finds the 7/12/2002 medical review of Dr. Sethi to be persuasive in its opinion that the medical records do not substantiate the necessity of temporary total disability from 10/08/2001 to an estimated return to work of 5/20/2002. Dr. Sethi further opines that such a period of disability appears to be inappropriate and not related to the two-year old injury in question.
The District Hearing Officer further finds the 3/19/2002 medical review of Dr. Plank, relied upon by the 5/08/2002 District Hearing Officer order in granting the additional allowances of aggravation of pre-existing degenerative disc disease of the lumbar region and aggravation of pre-existing spinal stenosis, to be persuasive in its opinion that there is no medical evidence to support any period of temporary total disability due to the additionally allowed conditions.
 {¶ 20} 13. Relator appealed and the matter was heard before an SHO on October 22, 2002. The SHO vacated the prior DHO order and denied the requested period of PTD compensation as follows:
Payment of temporary total compensation is denied for the closed period of 10/08/2001 through 9/19/2002. The Staff Hearing Officer is not persuaded that this period of disability relates to the newly allowed conditions of "Aggravation of Pre-Existing Degenerative Disc Disease of Lumbar Region" and "Aggravation of pre-existing Spinal Stenosis." Dr. Viau had submitted a previous C-84 dated 12/07/2001 indicating disability beginning on 10/08/2001. Although Dr. Viau listed "Lumbar Sprain/Strain" as the disabling condition, all objective findings related to cervical
problems which are not allowed in this claim. Temporary total compensation was previously denied via Staff Hearing Officer order dated 2/19/2002 as it was found that per the office notes of Dr. Viau, claimant's main problem beginning 10/08/2001 related to unallowed cervical conditions. Given the office notes of Dr. Viau beginning on 10/08/2001, as well as Dr. Viau's previous C-84 indicating cervical problems, the newly submitted C-84 dated 5/15/2002 which certifies the same disability period beginning on 10/08/2001 on the basis of the newly allowed conditions, is not found to be persuasive. Low back surgery was approved in this claim on 6/28/2002, yet the claimant did not have the surgery performed until9/21/2002. Claimant became hospitalized for the surgery on 9/20/2002. Given this fact, the Staff Hearing Officer orders the payment of temporary total compensation beginning 9/20/2002 through the present and is to continue upon submission of appropriate medical proof of ongoing disability related to the allowed conditions.
(Emphasis sic.)
 {¶ 21} 14. Relator's appeal was refused by order of the commission mailed November 9, 2002.
 {¶ 22} 15. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 23} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State exrel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 24} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. State ex rel. Ramirez v.Indus. Comm. (1982), 69 Ohio St.2d 630. It is undisputed that the claimant bears the burden of proof, by preponderance of the evidence, that there is a proximate relationship between his disability and his industrial injury. State ex rel. Apgar v. Indus. Comm. (1989),42 Ohio St.3d 5. It is further undisputed that nonallowed conditions cannot be used to advance or defeat a claim for workers' compensation benefits. See State ex rel. Waddle v. Indus. Comm. (1993),67 Ohio St.3d 452. Even if nonallowed conditions are severe and disabling, they are irrelevant if there is proof that the allowed conditions are independently disabling. Id.
 {¶ 25} Relator cites State ex rel. Quarto Mining Co. v. Foreman
(1997), 79 Ohio St.3d 78, and notes that he does not have the burden to raise and then eliminate other possible causes of his disability and argues that the commission has required him to do so in the present case. For the following reasons, this magistrate's disagrees.
 {¶ 26} In his first motion for TTD compensation, relator's treating physician, Dr. Viau, listed the allowed condition of lumbar sprain/strain as a disabling condition. However, Dr. Viau provided the following clinical findings as the basis for his recommendation that relator be granted TTD compensation beginning October 8, 2001:
Cervical MRI does show again multiple levels of disease particularly affecting C3, 4, 4, 5 and 5, 6 levels with various levels of foraminal narrowing. Continues to be symptomatic with pain.
 {¶ 27} Furthermore, as the commission noted in its order denying the requested period of TTD compensation, Dr. Viau's office notes dated October 12, 2001, indicate that relator's main complaints are in regards to his neck with pain radiating down his left arm. The decision to deny that first motion for TTD compensation was upheld throughout administrative appeal and no mandamus action was brought in this court.
 {¶ 28} Thereafter, relator filed additional motions for TTD compensation, requesting that compensation be paid for the same time period already denied, and Dr. Viau listed only the allowed conditions of lumbar sprain/strain as the disabling condition without providing any objective explanation. Later, Dr. Viau completed another C-84 form indicating that the newly allowed condition of aggravation of pre-existing degenerative disc disease was a disabling condition, for the exact same time period, and noted that relator was scheduled for surgery.
 {¶ 29} In ultimately denying his request for TTD compensation, the commission did not abuse its discretion in finding that relator had failed to meet his burden of proving that he was rendered temporarily totally disabled due to the allowed conditions of his July 20, 2000 work-related injury. The commission noted that Dr. Viau's office notes beginning October 12, 2001, reveal that his main problem was his neck. On October 12, 2001, relator's main complaint was his neck, yet his back was still causing pain. On November 7, 2001, Dr. Viau reviewed relator's cervical MRI and noted he also had low back pain. On January 3, 2002, relator received a steroid injection for his back. Notes dated January 16, 2002, February 25, 2002, and March 27, 2002, do not mention any symptoms. As of May 15, 2002, relator's claim had been additionally allowed and Dr. Viau recommended surgery.
 {¶ 30} Relator submits that any ambiguity which arose as a result of Dr. Viau's earlier C-84, citing cervical problems as disabling was "cured" by Dr. Viau's later report and ultimately the surgery. As relator correctly notes, medical evidence can show that he was disabled by two different conditions, one allowed and one nonallowed. As long as he proves the allowed condition, by itself, disabled him, he is entitled to compensation. Unfortunately, nothing in Dr. Viau's office notes nor his October 9, 2002 report indicate that, during the closed period of requested compensation, the newly allowed conditions rendered him disabled. The commission did not find the C-84 to be credible evidence. There was some evidence in the record indicating that the allowed conditions did not cause relator to be disabled. The commission specifically relied upon this medical evidence and determined that relator failed to meet his burden of proof. This magistrate finds that the commission did not abuse its discretion.
 {¶ 31} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused it discretion in denying his motion for TTD compensation and this court should deny relator's request for a writ of mandamus.