[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Relator, David B. Oney, filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied his application for temporary total disability ("TTD") compensation, and ordering the commission to find that he is entitled to that compensation. In the alternative, relator requests that the commission be ordered to consider the effect of his layoff in determining his eligibility for TTD compensation.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court. On February 28, 2005, the magistrate issued a decision including findings of fact and conclusions of law and therein recommended that this court deny relator's request for mandamus. (Attached as Appendix A.) The magistrate found the commission's denial of TTD was supported by evidence in the record and was not an abuse of discretion. Relator timely filed objections to the magistrate's decision, which objections are now before the court.
 {¶ 3} In his objections, relator argues the magistrate erred in finding that the commission did not abuse its discretion in denying his application for TTD compensation. Specifically, relator claims Dr. Rose's December 3, 2001 C-84 report was submitted to resolve any inconsistencies in his November 26, 2001 C-84 report, and constituted some evidence upon which the commission could rely to award TTD compensation. Additionally, relator contends the magistrate's finding that the November 26, 2001 C-84 report also cited non-allowed conditions is irrelevant. In support of his position, relator cites State ex rel. Lindsay v. Industrial Commission ofOhio, Franklin App. No. 04AP-441, 2005-Ohio-465, arguing that as long as he proves the allowed conditions listed in the initial C-84, by itself, disabled him, he is entitled to compensation. Finally, relator contends the magistrate failed to properly address the issue of his layoff with regard to his entitlement for TTD compensation.
 {¶ 4} Relator fails to raise any new issues in his objections, and simply reargues his contentions presented to and sufficiently addressed by the magistrate. We agree with the magistrate that the commission, as the exclusive evaluator of the weight and credibility of the evidence, did not abuse its discretion in determining that relator was not entitled to TTD compensation. State ex rel. LTV Steel Co. v. Indus. Comm. (2000),88 Ohio St.3d 284, 287, 725 N.E.2d 639.
 {¶ 5} Upon review of the magistrate's decision, an independent review of the record and due consideration of relator's objections, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We, therefore, adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Accordingly, relator's objections to the magistrate's decision are overruled and the requested writ of mandamus is hereby denied.
Objections overruled; writ of mandamus denied.
Brown, P.J., and Klatt, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. :
David B. Oney, :
 Relator, :
v. : No. 04AP-867
 :
Aeronca, Inc., and : (REGULAR CALENDAR)
Industrial Commission of Ohio,:
 Respondents. :
 MAGISTRATE'S DECISION Rendered on February 28, 2005 Blumenstiel, Huhn, Adams Evans, Aaron R. Falvo and Mark A. Adams,
for relator.
Thompson Hine LLP, and Robert W. Myers, for respondent Aeronca, Inc.
Jim Petro, Attorney General, and Kevin J. Reis, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 6} Relator, David B. Oney, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied his application for temporary total disability ("TTD") compensation and ordering the commission to find that he is entitled to said compensation. In the alternative, relator requests that the commission be ordered to consider the effect of his layoff in determining his eligibility for TTD compensation.
Findings of Fact:
 {¶ 7} 1. Relator sustained a work-related injury on November 14, 2001.
 {¶ 8} 2. Relator continued to work for the subject employer until he was laid-off, effective November 21, 2001.
 {¶ 9} 3. Relator did not seek any medical care for his injures until November 26, 2001, after the effective date of his layoff.
 {¶ 10} 4. On December 13, 2001, relator filed an application for workers' compensation benefits with the Ohio Bureau of Workers' Compensation ("BWC") and sought TTD compensation beginning November 14, 2001 through an estimated return-to-work date of January 2, 2002. Relator's treating physician Bernard J. Rose, M.D., listed the following conditions as preventing relator's return to work:
 840.9 sprain/strain R7 shoulder 847.0 sprain/strain cervical 719.44 pain hand R7
Dr. Rose noted the following objective findings: "Pain with passive abduction. Painful are positive. Apley's test abnormal. Impingement." Dr. Rose first treated relator on November 26, 2001.
 {¶ 11} 5. By BWC order mailed December 24, 2001, relator's claim was allowed and TTD compensation was granted.
 {¶ 12} 6. The employer appealed and the matter was heard before a district hearing officer ("DHO") on February 6, 2002. The DHO concluded that relator's claim should be allowed for: "right shoulder sprain/strain and cervical sprain/strain." However, the DHO concluded that TTD compensation was not payable for the following reasons:
The claimant testified that the injury occurred on 11-14-01, and that he continued to work with the subject employer until his layoff effective 11-21-01. The claimant did not seek any medical care until 11-26-01, after this layoff. Although Dr. Rose has submitted a C-84 alleging a period of disability commencing on 11-14-01, the Hearing Officer is not persuaded that the C-84 from Dr. Rose is a reliable basis upon which to award temporary total disability compensation benefits. First, as noted above, Dr. Rose did not begin treating the claimant until 11-26-01, some 12 days after the date of the industrial injury. Further, the C-84 includes nonallowed diagnostic codes causing the claimant's inability to return to his former position of employment. Specifically, ICD Code 719.44 and 729.5. The Hearing Officer did not find Dr. Rose's office notes to clarify or articulate a need for disability after the claimant's layoff.
Accordingly, at this time, the Hearing Officer finds the claimant has not proven by a preponderance of the evidence a period of temporary total disability related to this industrial injury.
This order is based upon the claimant's testimony at hearing, and the medical reports of Dr. Rose, including his report dated 11-26-01 and his report dated 12-3-01.
 {¶ 13} 7. Thereafter, relator filed a second C-84 form signed by Dr. Rose certifying TTD compensation from November 26, 2001 to present with an estimated return-to-work date of June 4, 2002.
 {¶ 14} 8. Relator's appeal was heard before a staff hearing officer ("SHO") on March 15, 2002, and resulted in an order modifying the prior DHO order and yet denying TTD compensation for the following reasons:
The Hearing Officer finds that the claimant did not miss more than seven (7) days from his employment as a result of this injury.
Therefore, there is no compensation payable at this time.
The claimant continued to work up until he was laid off by the employer.
This order is based upon the medical report(s) of Dr. Rose (11-26-01, 12-3-01 and 3-4-02).
The medical report of Dr. Nitz, dated 218-02 [sic], and the C-84 dated 3-4-02, were reviewed and considered.
 {¶ 15} 9. Relator's appeal was refused by order of the commission mailed May 23, 2002.
 {¶ 16} 10. Relator's request for reconsideration was denied by order of the commission mailed June 27, 2002.
 {¶ 17} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 18} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel.Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus.Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v.Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 19} In this mandamus action, relator asserts that the commission abused its discretion by denying his application for TTD compensation. Specifically, relator asserts that his testimony at the hearing and the second C-84 signed by Dr. Rose clearly establish that he is entitled to the requested compensation. Furthermore, relator contends that the commission also abused its discretion by not finding that the employer-initiated layoff was an involuntary termination from his employment and should not bar his receipt of TTD compensation. For the reasons that follow, this magistrate disagrees.
 {¶ 20} TTD compensation awarded pursuant to R.C. 4123.56
has been defined as compensation for wages lost where a claimant's injury prevent a return to the former position of employment. Upon that predicate, TTD compensation is payable until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached maximum medical improvement. R.C. 4123.56(A).
 {¶ 21} It is undisputed that a claimant has the burden of supplying medical evidence to support an award of TTD compensation. See State ex rel. Jeep Corp. v.Indus. Comm. (1991), 62 Ohio St.3d 64. As such, when relator initially submitted medical evidence certifying a period of TTD compensation during a period when relator admitted that he was working, the commission correctly concluded that he had not met his burden of proof.
 {¶ 22} As stated previously, TTD compensation is payable where a claimant's injury prevents a return to the former position of employment. State ex rel. Ramirezv. Indus. Comm. (1982), 69 Ohio St.2d 630. A claimant asserting a claim for TTD compensation must always causally relate the claimed disability to the industrial injury. The requisite causal connection in TTD cases, can, under certain circumstances, be broken when an employment relationship ends. Voluntary departure, for example, severs the causation change. "Involuntary" departure does not. State ex rel. Ashcraft v. Indus.Comm. (1987), 34 Ohio St.3d 42; State ex rel. RockwellInternatl. v. Indus. Comm. (1988), 40 Ohio St.3d 44. A layoff is often considered involuntary since it is initiated by the employer, not the employee. State exrel. B.O.C. Group, General Motors Corp. v. Indus. Comm.
(1991), 58 Ohio St.3d 199.
 {¶ 23} Relator asserts that the commission abused its discretion by not addressing the issue of his layoff on his entitlement to TTD compensation. However, the commission argues that relator was first required to present sufficient medical evidence entitling him to an award of TTD compensation before the commission was required to determine whether or not the layoff was material.
 {¶ 24} In the present case, the SHO denied relator's request for TTD compensation because relator did not miss more than seven days from his employment and continued to work up until the time he was laid-off by the employer. As such, the magistrate finds that there was an issue of fact to be determined in this matter: Was it actually relator's allowed conditions which prevent him from working, or was it the layoff which prevent relator from working? Based upon the fact that relator had not missed seven days from work and that he had continued working until the time he was laid-off and did not seek medical attention until after the layoff, the commission concluded that relator had not established entitlement to TTD compensation. Further, the commission cited all of Dr. Rose's C-84s and reports, which had inconsistencies. In his November 26, 2001 C-84, Dr. Rose listed nonallowed conditions and certified TTD compensation as of November 14, 2001. In his December 3, 2001 C-84, Dr. Rose listed only allowed conditions and certified TTD compensation from November 26, 2001. Further, Dr. Rose did not provide an explanation for his change of opinion. Issues of fact and credibility of the evidence are clearly for the commission to determine as fact-finder. Teece, supra. Clearly, the commission did not find Dr. Rose to be credible.
 {¶ 25} The commission concluded that relator had not met his burden of proof. Relator had worked up until the layoff. After the layoff, relator first sought treatment. Relator's treating physician provided inconsistent evidence on the issue of disability. The record shows that an injury occurred; however, the magistrate finds that the commission did not abuse its discretion by finding that relator failed to establish a corresponding disability as a result of the allowed conditions.
 {¶ 26} Accordingly, it is the magistrate's decision that relator has not demonstrated that the commission abused its discretion and this court should deny relator's request for a writ of mandamus.